Commonwealth *v.* Tolbert, Appellant.

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*James Corey Tolbert,* appellant, in propria persona.

*Roger F. Cox* and *Michael J. Rotko,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 21, 1968:

After two extensive hearings under the Post Conviction Hearing Act in which appellant's 1953 guilty plea to murder and resultant life sentence were called into question, the hearing court denied all of appellant's claims except his prayer for the right to appeal nunc pro tunc. Pursuant to the grant of relief below, appellant has taken this appeal, although he has done so pro se.

We note at the outset that appellant is constitutionally entitled to the assistance of counsel on direct appeal.[1] See *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968). Counsel is of aid to both the appellant and this Court for he is best able to present appellant's contentions in a legally meaningful fashion. Cf. *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A. 2d 148 (1967). However, for reasons which do not appear of record, appellant has chosen to proceed pro se. If this choice represents an intelligent and understanding waiver of appellate counsel, then this appeal should be now entertained. If not, then appellate counsel should have been appointed by the court below.[2]

Unable to resolve the waiver of appellate counsel issue on this record and unwilling to entertain a nunc pro tunc appeal taken without the assistance of counsel unless such assistance has been waived, we believe that the correct disposition of this litigation is a remand to the court below. If that court determines (by hearing or otherwise) that appellant did not waive

---

[1] We assume, of course, that the prisoner is an indigent. At his 1953 degree of guilt hearing, appellant was represented by court-appointed counsel. However, it appears that at his post-conviction hearing appellant's counsel, Jay Meyers, may have been retained rather than court appointed. Appellant's post-conviction application indicates that he had retained Mr. Meyers to represent him while at other points in the record Mr. Meyers is referred to as court appointed. If the court below on remand determines that appellant is not indigent, then appointment of counsel will not be necessary.

[2] Assuming appellant was an indigent, an appointment of appellate counsel by the court below should not have been necessary for post-conviction counsel should have, if requested, taken the appeal. Pa. R. Crim. P. 318(c) provides: "Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal." Since a nunc pro tunc appeal is a direct appeal, under Rule 318 appellant should have been represented by post-conviction counsel if, in fact, post-conviction counsel was court appointed.

counsel and that appellant is an indigent, then it shall appoint appellate counsel. If appellant is found not to be an indigent or if he has waived appellate counsel, then this Court will entertain his appeal.[3]

This case is remanded to the Court of Oyer and Terminer of Philadelphia County for the appointment of appellate counsel and/or other action consistent with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[3] If raised, this Court will then consider the arguments appellant presently makes concerning alleged errors in the adjudication of the post-conviction hearing court.