WILLIAM M. GILDAY, JR. *vs.* COMMONWEALTH. November 16, 1977. The special master and commissioner, to whom were referred consolidated petitions for writs of error attacking three judgments of conviction of the petitioner Gilday dated in 1956 and 1964, held hearings and rendered a detailed report recommending that the convictions be affirmed. A single justice of this court entered an order overruling objections to the report and confirming the report, and thereafter entered judgments affirming the three convictions. The petitioner takes his appeal from these judgments. We affirm.

1. A preliminary point: The petitioner, an inmate of Massachusetts Correctional Institution at Walpole, purported, just before this appeal was to be reached on the calendar for argument, to dismiss his court-appointed counsel who had filed a brief on his behalf. At the same time the petitioner applied to the court for permission to argue his appeal orally. We denied counsel's subsequent request to withdraw her appearance, but allowed the petitioner the privilege of arguing his appeal, with provision that counsel should be available at the counsel table during argument. The appeal was argued accordingly.

The permission thus granted to a prison inmate to argue before the full bench was exceptional. It was occasioned by the fact that in certain of the papers in these cases the petitioner had been referred to as co-counsel (or the equivalent) with his court-appointed counsel. Such a designation was inapposite, but it may have led the petitioner to believe with some reason that in the event of appeal to this court he might be entitled to conduct oral argument on his own behalf. We call attention to the proposition that opportunity for oral argument on an appeal like the present is not constitutionally guaranteed. Even when

a prison inmate chooses (usually against sound advice) to proceed in an appeal pro se, and prepares his own brief without benefit of appointed or retained counsel, discretionary factors will weigh against him if he should apply to argue the matter personally before the full bench. Reference is made to the discussion of the question in *Price* v. *Johnston*, 334 U.S. 266, 284-286 (1948), cited in *Faretta* v. *California*, 422 U.S. 806, 816 (1975). See *United States* v. *Smith*, 484 F.2d 8, 11 (10th Cir. 1973), cert. denied, 415 U.S. 978 (1974); *In re Walker*, 56 Cal. App. 3d 225 (1976); *In re Smith*, 145 Me. 174 (1950); *Callahan* v. *State*, 30 Md. App. 628, 629-635 (1976); *Webb* v. *State*, 533 S.W.2d 780, 782-786 (Tex. Crim. App. 1976); *Chick* v. *State*, 161 Tex. Crim. 450, 451-452 (1955), appeal dismissed, 351 U.S. 935 (1956).

2. On the merits: Since the master's report is complete, and the appeal raises no questions of law requiring novel analysis, we do no more than mention the major grounds on which the master went with respect to each petition; these are also grounds of our affirmance.

No. 73-220L. After trial by a judge without a jury in Superior Court, the petitioner was convicted in 1956 of armed robbery and attempted larceny and received concurrent sentences of ten to twelve years for the former, and four to five years for the latter offense. The petitioner claimed that the trial judge erred in rejecting his contention — the material contention advanced by the defense at trial — that he was not criminally responsible when the acts were committed. A transcript of the proceedings at trial could not be prepared as the stenographer's notes had been destroyed after the statutory period for their preservation had run. Reconstituting the content of the trial was so difficult and unsatisfactory that the master thought the review on writ of error must be confined perforce to matters of law apparent on the face of the record; but he attempted as best he could to reconstruct the trial on the basis of offers of proof by counsel and other material. He concluded that there was no basis for holding that the trial judge had erred in finding implicitly that the petitioner was criminally responsible. The master found harmless beyond a reasonable doubt the judge's admitting in evidence, as tending to impeach the petitioner's credibility as a witness, the records of three previous uncounseled convictions: a 1954 conviction in the Second District Court of Essex for assault and battery, with a three-month sentence to a house of correction, suspended, probation for one year; a 1951 Ohio conviction for breaking and entering, with petitioner placed on probation; and a 1953 Minnesota conviction for carrying concealed weapons, with a thirty-day jail sentence. Especially was the admission in evidence of these convictions harmless because the defense was not disputing seriously the actual commission of the offenses being tried. The master found, further, against the petitioner's claim that he had directed his counsel to seek appellate review of the judgments of conviction (counsel did not attempt to secure such review, although an application was made to the appellate division of the Superior Court to reduce the sentences).

No. 72-175L. This petition was directed to convictions of the petitioner in Superior Court in 1964, after trial by jury, of charges of illegal possession of a narcotic drug, illegal possession of a harmful drug, and illegal possession of a revolver, with concurrent sentences of one year in a house of correction. To impeach credibility, the Commonwealth had been permitted to introduce the record of a previous uncounseled conviction of the petitioner of assault and battery in the Sec-

ond District Court of Essex in 1954, mentioned under No. 73-220L. The master found this to be harmless beyond a reasonable doubt, especially in light of the fact that the judge had properly admitted the more serious convictions of armed robbery and attempted larceny which were the subjects of No. 73-220L.

No. 72-27L. The petition attacked a conviction of armed robbery after trial by jury in Superior Court in 1964, with sentence of fifteen to twenty years. The arrest of the petitioner was found by the master to have been lawful, and to have had the consequence of validating a search of the petitioner's person. See the prior litigation reported in *Commonwealth* v. *Bowlen,* 351 Mass. 655, 656-658, cert. denied sub nom. *Gilday* v. *Massachusetts,* 389 U.S. 916 (1967); *Gilday* v. *Scafati,* 428 F.2d 1027, 1032 (1st Cir.), cert. denied, 400 U.S. 926 (1970). In-court identifications of the petitioner were supported by observations independent of any viewings of the petitioner at the police station, and were admissible. Five previous convictions were introduced at trial. Two were the counseled convictions forming the subjects of No. 73-220L. The other three were the same uncounseled convictions that had been introduced as impeachment in the trial leading to those two convictions. The master found that introduction of the uncounseled convictions was harmless beyond a reasonable doubt, a conclusion that had also been reached in prior litigation. See *Gilday* v. *Commonwealth,* 355 Mass. 799 (1969); *Gilday* v. *Scafati, supra* at 1028-1032.

*Judgments affirmed.*

*William M. Gilday,* pro se (*Lois M. Lewis* with him).
*Kathleen King Parker,* Assistant Attorney General, for the Commonwealth.