STATE OF NORTH CAROLINA v. GARY DENNIS LEE

No. 7815SC1033

(Filed 6 March 1979)

1. **Criminal Law § 180 — petition for writ of error coram nobis — replacement by statute**

    A petition for a writ of error *coram nobis* was the appropriate procedure on 18 November 1977 by which a defendant not in prison could challenge the validity of a criminal judgment on the ground that he had been denied his constitutional right to counsel, a matter which was extraneous to the record, and the prior permission of the Supreme Court was not a prerequisite to the filing of the petition since there had been no appeal from the challenged judgment. However, relief formerly available by *coram nobis* is now available by a motion for appropriate relief under G.S. 15A-1411(c).

2. **Constitutional Law § 47 — willful failure to support illegitimate child — right to counsel — absence of waiver**

    A defendant charged with willful refusal to support an illegitimate child in violation of G.S. 49-2 had a constitutional right to be represented by counsel at his trial unless he knowingly and intelligently waived that right, whether or not he was an indigent, since a sentence of imprisonment may be imposed for such offense. Therefore, a suspended sentence imposed on a non-indigent defendant after his plea of guilty must be set aside where the record shows that defendant was not represented by counsel and did not knowingly and intelligently waive counsel.

**3. Constitutional Law § 49— failure to employ counsel—no waiver of counsel**

Defendant's failure to employ counsel during the period between 20 August, when a warrant was served on him, and 2 September, when he was tried, would not, standing alone, support a finding that he knowingly and intelligently waived his right to counsel.

APPEAL by defendant from *Farmer, Judge.* Order and Judgment dated 17 June 1978 entered in Superior Court, CHATHAM County. Heard in the Court of Appeals 8 February 1979.

On 20 August 1977 defendant was arrested on a warrant charging willful refusal to support his illegitimate child in violation of G.S. 49-2. On 2 September 1977 he pled guilty to this charge in District Court and received a six months prison sentence, suspended on his paying the court costs and $100.00 per month for the support of the child. He did not appeal. He paid the court costs but thereafter failed to pay the monthly support payments. Defendant was not represented by counsel when his plea and the judgment against him were entered on 2 September 1977.

On 21 October 1977 an order was entered for defendant's arrest for failure to comply with the judgment, and defendant was ordered to appear in District Court on 18 November 1977. On that date defendant filed in the District Court through employed counsel his verified petition for a writ of error *coram nobis* seeking to have the judgment and suspended sentence entered against him on 2 September 1977 vacated on the ground that he had been denied his constitutional right to be represented by counsel. He alleged that at the time of his trial on 2 September he was not represented by counsel, had not been advised of his right to be represented by counsel, and had not waived his right to counsel. The District Court denied defendant's petition. In a separate order the District Court found that defendant had violated a valid condition upon which his sentence had been suspended and ordered the suspension revoked and defendant imprisoned. Defendant appealed to the Superior Court from these rulings of the District Court.

After hearing in the Superior Court on defendant's petition for writ of error *coram nobis*, Judge Farmer entered an order dated 17 June 1978 which, under the heading "Findings of Fact," contained the following:

State v. Lee

III. That, the Defendant is more than 20 years of age, is a member of the United States Army, stationed at Fort Bragg, North Carolina, and is earning $477.00 per month, plus other allowances as paid by the United States Army.

IV. That the Defendant is not an indigent and that he has had from August 20, 1977, until September 2, 1977, to employ Counsel.

V. That the Defendant made no payments for the support of his illegitimate child and that after process was served on him to show cause why his suspended sentence should not be put into effect, he filed, through his Attorney on November 18, 1977, a WRIT OF ERROR CORAM NORBIS. (sic).

VI. That the violation of G.S. 49-2; failure to support an illegitimate child is not a serious misdemeanor so as to require appointment of counsel or intelligent waiver thereof under the 6th and 14th Amendment of the United States Constitution.

VII. That the plea of guilty was the informed choice of the Defendant and was freely, voluntarily and understandably made, and that the Defendant was advised of his right to appeal on September 2, 1977.

VIII. That the Petitioner's objections to the judgment of September 2, 1977, could have been, but were not raised by the Petitioner on a direct appeal on the Judgment of the District Court of Siler City.

Based on these findings, Judge Farmer denied the petition for writ of error *coram nobis*. By separate judgment, also dated 17 June 1978, Judge Farmer found that defendant had willfully violated the terms of his suspended sentence and ordered the six months prison sentence put into effect. From the order denying his petition and the judgment activating his prison sentence, defendant gave notice of appeal to the Court of Appeals.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua for the State.*

*Edwards & Atwater by Phil S. Edwards and W. Ben Atwater, Jr., for defendant appellant.*

PARKER, Judge.

[1]   When defendant filed his petition for writ of error *coram nobis* on 18 November 1977, the filing of such a petition was the appropriate procedure by which a defendant not in prison could challenge the validity of a criminal judgment against him on grounds extraneous to the record. *State v. Green,* 277 N.C. 188, 176 S.E. 2d 756 (1970). There having been no appeal from the challenged judgment, the prior permission of the Supreme Court was not a prerequisite to the filing of the petition. *Dantzic v. State,* 279 N.C. 212, 182 S.E. 2d 563 (1971). Therefore, at the time defendant's petition was filed, he adopted the appropriate procedure to challenge the 2 September 1977 judgment on the ground that he had been denied his constitutional right to counsel when that judgment was entered against him, a matter which was extraneous to the record.

After the order was entered in Superior Court denying defendant's petition and while the present appeal from that order was pending, Art. 89 of G.S. Ch. 15A became effective on 1 July 1978. That Article "applies to all matters addressed by its provisions without regard to when a defendant's guilt was established or when judgment was entered against him." Sec. 39, Ch. 711, 1977 Session Laws. One of the provisions in that Article, G.S. 15A-1411(c), provides that "[t]he relief formerly available by . . . *coram nobis* and all other post-trial motions is available by motion for appropriate relief." Such a motion "is a motion in the original cause and not a new proceeding." G.S. 15A-1411(b). A motion for appropriate relief on the ground that the defendant's conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina may be made more than 10 days after entry of judgment, G.S. 15A-1415(b)(3), and "may be heard and determined in the trial division by any judge who is empowered to act in criminal matters in the judicial district and trial division in which the judgment was entered." G.S. 15A-1413(a). The court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review by writ of certiorari if the time for appeal from the conviction has expired and no appeal is pending when the ruling is entered. G.S. 15A-1422(c). Since G.S. 15A-1422(c) is applicable to the present case, we treat defendant's appeal from the order denying his petition as a peti-

State v. Lee

tion for a writ of certiorari and allow the writ in order to provide defendant appellant review in this case.

[2]   Turning to the merits of defendant's position, we find that the order of the Superior Court denying defendant's petition for writ of error *coram nobis* was based upon an erroneous conclusion of law. Finding No. VI, although included under the heading "Findings of Fact," is actually a conclusion of law and is erroneous. In this "Finding," the Court concluded that a violation of G.S. 49-2 "is not a serious misdemeanor so as to require appointment of counsel or intelligent waiver thereof under the 6th and 14th amendment of the United States Constitution." In reaching this conclusion, the Superior Court may have been influenced by the majority opinion of our North Carolina Supreme Court in *State v. Green, supra*, which held that a violation of G.S. 49-2 is a "petty offense" for which the offender may be tried without assistance of counsel. That case, however, was decided prior to the decision of the United States Supreme Court in *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed. 2d 530, 92 S.Ct. 2006 (1972) in which the court held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he is represented by counsel at his trial." 407 U.S. at 37, 32 L.Ed. 2d at 538, 92 S.Ct. at 2012. G.S. 49-8(1) provides that a violation of G.S. 49-2 may be punished by imprisonment for a term not to exceed six months, and thus the holding in *Argersinger* is clearly applicable to the case of a defendant charged with such a violation. The conclusion of the Superior Court to the contrary in the present case is in error.

We note that following the decision in *Argersinger*, our General Assembly in 1973 enacted Ch. 151 of the 1973 Session Laws which amended G.S. 7A-451(a)(1) to provide that an indigent person is entitled to services of counsel in "[a]ny case in which imprisonment, or a fine of five hundred dollars ($500.00), or more, is likely to be adjudged." It is true that the defendant in the present case was found not to be an indigent. Nevertheless, under *Argersinger* he had a constitutional right to be represented by counsel at his trial unless he knowingly and intelligently waived that right. In this case there was no finding that defendant waived his right to counsel. Moreover, the record in the present case would not support such a finding. On the contrary, the

record on appeal, which was settled by agreement between the attorney for defendant and the Assistant District Attorney who represented the State, contains the following stipulation:

It is further stipulated by the State and defendant that at the original trial in the District Court of Chatham County held September 2, 1977, the following events transpired:

The warrant for arrest charging defendant with neglecting and refusing to support and maintain Latesha Degraffenreidt, his illegitimate child born to Annette Degraffenreidt on September 9, 1975 after due notice and demand was made upon defendant on March 1, 1977 by Annette Degraffenreidt in violation of N.C. G.S. 49-2 was issued August 9, 1977 and served on the defendant August 20, 1977. Case was called for trial at the September 2, 1977 and defendant requested that the case be continued to allow defendant time to employ counsel to represent him stating that defendant was a member of the United States Armed Forces and stationed at Fort Bragg and had been unable since the time of his arrest to employ counsel to represent him in this matter. At this time the State objected to the defendant being granted a continuance and the Court denied defendant's motion for a continuance. Defendant was not informed of his right to have an attorney to represent him and did not execute either a written or oral waiver of his right to counsel. When called upon to plead, defendant entered a plea of guilty and the verdict of the Court was guilty and sentence as hereinbefore set out was imposed. Defendant immediately thereafter paid $27 court costs but at no time thereafter paid any sums of money into the Clerk of Superior Court for the use and benefit of the illegitimate child named in the warrant.

[3] These stipulated facts negate any knowing and intelligent waiver of counsel. That defendant failed to employ counsel during the period between 20 August, when the warrant was served on him, and 2 September, when he was tried, would not, standing alone, support a finding that he had knowingly and intelligently waived his right to counsel. Certainly we do not suggest that a non-indigent defendant may continue stubbornly to refuse to employ counsel after being advised of his right to do so and thereby frustrate the State's ability to bring him to trial; there

may be circumstances under which the continued neglect by such a defendant to provide himself with counsel would in itself amourt to a knowing and intelligent waiver of counsel. However, no such circumstances appear in the present case.

The finding by the Superior Court made in its Finding No. VII that defendant's plea of guilty in his case "was the informed choice of the Defendant and was freely, voluntarily and understandingly made, and that the Defendant was advised of his right to appeal on September 2, 1977," is not sufficient to sustain the judgment entered on defendant's plea in this case. The stipulated facts show that defendant was called upon to plead when he was neither represented by counsel nor had waived his right to counsel. As pointed out by the United States Supreme Court in *Argersinger:*

> Beyond the problems of trials and appeals is that of the guilty plea, a problem which looms large in misdemeanor as well as in felony cases. Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution.

407 U.S. at 34, 32 L.Ed. 2d at 536-37, 92 S.Ct. 2011.

In recognition of this problem, our General Assembly by Ch. 1286, 1973 Session Laws, enacted G.S. 15A-1012(a), which was in effect when defendant was called upon to plead in this case and which provides as follows:

> G.S. 15A-1012. *Aid of counsel; time for deliberation.* (a) A defendant may not be called upon to plead until he has had an opportunity to retain counsel or, if he is eligible for assignment of counsel, until counsel has been assigned or waived in accordance with Article 36 of Chapter 7A of the General Statutes.  `

Because the judgment of the District Court entered 2 September 1977 imposing a suspended sentence on defendant was entered when he was neither represented by counsel nor had knowingly and intelligently waived counsel, that judgment must be vacated. The order of the Superior Court denying defendant's petition for writ of error *coram nobis* is reversed. The 2 September 1977 judgment of the District Court imposing a

suspended sentence on the defendant and the judgments of the Superior and District Courts activating that sentence are vacated, defendant's plea of guilty entered in the District Court is stricken, and this case is remanded to the Superior Court of Chatham County with instructions to that Court to further re- mand this case to the District Court, where defendant will be en- titled to a new trial.

Reversed and remanded and defendant granted a

New trial.

Judges ARNOLD and WEBB concur.