State v. Grimes

as contemplated by G.S. 31-32.

The judgment is affirmed.

Affirmed.

Judges ARNOLD and HILL concur.

STATE OF NORTH CAROLINA v. FRANK EVERETTE GRIMES

No. 801SC73

(Filed 1 July 1980)

**Constitutional Law § 40– failure to inform defendant of right to counsel – absence of prejudice**

Defendant was not prejudiced by the fact that he may not have been informed of his right to be represented by counsel before he entered a guilty plea where defendant has not argued that he was indigent and therefore entitled to appointed counsel at the time he entered his guilty plea or that he lacked the opportunity to retain counsel between the time of his arrest and trial.

APPEAL by defendant from *Strickland, Judge.* Order entered 23 May 1979 in Superior Court, DARE County. Heard in the Court of Appeals 22 May 1980.

Defendant was charged with driving under the influence of intoxicating liquor. G.S. 20-138. He pled guilty and was sentenced to 90 days, suspended on conditions. Defendant moved for a new trial on the ground that he had not been informed of his right to be represented by counsel and was not represented by counsel when he pled guilty. G.S. 15A-1415 (b)(3) and G.S. 15A-1417 (a)(1). In support of his motion he presented his and his wife's affidavits, which indicated that defendant was not represented by counsel, that he did not waive his right to counsel, and that "to the best of [their] recollection[s]" he was not informed of his right to counsel. The State presented the affidavit of the prosecuting attorney in the case, who testified to the routine that was always followed to inform defendants of their right to counsel. He had no specific recollection of defendant's case. Defendant's motion was denied.

Defendant petitioned Superior Court for a writ of certiorari, which was denied. Defendant then petitioned this court for a writ of certiorari, and this petition was allowed.

*Attorney General Edmisten, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Kellogg, White & Evans, by Thomas N. Barefoot, for defendant appellant.*

ARNOLD, Judge.

We note as a preliminary matter that defense counsel's failure to comply with Rule 9 (b)(4) of the Rules of Appellate Procedure has made the record on appeal unnecessarily difficult to follow. Items in the record on appeal should be arranged in chronological order.

The facts in this case give rise not to the question of whether defendant was denied his right to counsel, but instead whether as defendant phrases it, he was denied "his constitutional right to be advised of his right to counsel." Defendant relies upon our decision in *State v. Lee*, 40 N.C. App. 165, 252 S.E. 2d 225 (1979), to support his position that he is entitled to a new trial. Having reviewed that case, however, we disagree with defendant's assertion that the facts in *Lee* are identical to those in the case at bar.

The defendant in *Lee* was charged with failure to support his illegitimate child. The parties stipulated that defendant was not informed of his right to be represented by counsel, and that he did not make a written or oral waiver of his right to counsel. Moreover, the trial court also found that the defendant was not indigent, and this finding was not challenged on appeal.

Additional stipulated facts in *Lee* reveal, however, that defendant was a member of the armed services and that since the time of his arrest he had been unable to employ counsel to represent him. The trial court refused to grant defendant a continuance to employ counsel, thus depriving defendant of his right to counsel. As we noted then, the stipulated facts of *Lee* negated a knowing and intelligent waiver of counsel.

While our decision in *Lee* is consistent with *Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed. 2d 530, 92 S. Ct. 2006 (1972), we do not find *Argersinger* helpful in the matter now before us. Neither *Argersinger* nor any other case which we have been able to find holds that a nonindigent defendant must expressly waive his right to counsel before he can enter a plea on his own behalf. On the contrary, G.S. 15A-1012(a) provides that "[a] defendant may not be called upon to plead until he has had an opportunity to retain counsel or, *if he is eligible for assignment of counsel,* until counsel has been assigned or waived." (Emphasis added.)

Defendant here does not argue that he was indigent and therefore entitled to appointed counsel at the time he entered his guilty plea. Nor does he argue that he lacked the opportunity to retain counsel in the twenty days between the time of his arrest and the hearing of his case. He relies solely upon the fact that "to the best of his recollection" he was not informed of his right to be represented by counsel. Although there was some evidence that defendant was so informed, the trial court made no finding on the point. Assuming, however, that for some reason the prosecuting attorney varied from his usual routine and did not inform defendant of his right to be represented by counsel, defendant has not argued any prejudice to him flowing from the omission. Even errors of constitutional dimensions can be harmless, *see* Justice Huskins' dissent in *State v. Hill,* 277 N.C. 547, 178 S.E. 2d 462 (1971), and in the absence of any showing to the contrary we find that to be the case here.

We find no error and conclude that the order of the trial court should be

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.