719 P.2d 445

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Scott Alan LEWIS,
Defendant-Appellant.**

No. 8709.

Court of Appeals of New Mexico.

April 24, 1986.

Paul G. Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Asenath M. Kepler, Rubin, Katz & Kepler, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals from the convictions of four counts of forgery, and one count each of embezzlement and larceny. Numerous issues have been raised on appeal. However, a threshold issue raised by defendant requires that the cause be remanded for further proceedings.

Defendant was represented at trial by a contract attorney employed by the public defender. Both prior to and during trial proceedings, defendant's trial counsel filed motions seeking to be allowed to withdraw and asserting that defendant had refused to cooperate with counsel.

Following trial, defendant filed a motion with the trial court requesting that he be permitted to prepare his own docketing statement and to represent himself on appeal. At the July 1, 1985 hearing on this motion, the court directed that defendant's court-appointed trial counsel prepare the docketing statement for defendant. The trial court informed defendant that he would be permitted to supplement the docketing statement with any additional issues which he wished to raise. After the court's statement to defendant, the defendant expressly stated to the court that he wished to represent himself pro se on appeal and the following colloquy occurred between the court and the defendant:

Q: [The defendant] What about the appeal? I would like to go pro se on my appeal.

A: [The court] Well, the public defender will be appointed to represent you on the appeal and you talk to them when you meet your public defender, who is handling the appeal.

Defendant contends that his trial counsel failed to assert in the docketing statement several issues which he sought to raise, including a contention that he had made a timely request to be allowed to represent himself on appeal. The appellate public defender filed a brief-in-chief, on behalf of defendant, raising three issues and additionally enumerating fourteen other points which defendant sought to have considered on appeal. Following the filing of the brief-in-chief on behalf of defendant, the appellate public defender filed a motion with this court alleging the existence of an irreconcilable conflict with defendant precluding further representation and requesting permission to withdraw as defendant's court-appointed appellate counsel. This court granted the motion and the public defender contracted with Asenath Kepler, a private attorney, to serve as defendant's new appellate attorney.

Because defendant asserted a timely demand to act as his own attorney incident to this appeal, we must consider at the outset whether defendant has a right to act as his own counsel and control his own appeal. The question of whether an indigent crimi-

nal defendant has an unqualified right to reject court-appointed counsel and represent himself on appeal has not previously been addressed in this jurisdiction.

The sixth amendment implicitly requires that a defendant facing criminal charges be afforded a fair opportunity to be heard at trial through counsel of his choosing. *United States v. La Monte,* 684 F.2d 672 (10th Cir.1982). The constitutional right of an indigent criminal defendant to the assistance of counsel for his defense is a fundamental right, essential to a fair trial. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to the assistance of counsel attaches at every critical stage of a criminal proceeding. *State v. Rascon,* 89 N.M. 254, 550 P.2d 266 (1976); *Pearce v. Cox,* 354 F.2d 884 (10th Cir.1965), *cert. denied,* 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685 (1966); *State v. Robinson,* 99 N.M. 674, 662 P.2d 1341, *cert. denied,* 464 U.S. 851, 104 S.Ct. 161, 78 L.Ed.2d 147 (1983).

The constitutional right to the assistance of counsel remains with an accused until it is affirmatively shown in the record that defendant's right has been intelligently, understandingly and competently waived by him. *State v. Maples,* 82 N.M. 36, 474 P.2d 718 (Ct.App.1970). Under both the state and federal constitutions, the right to the assistance of counsel applies to both trial and the appeal. *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *see also* N.M. Const., art. II, § 14; *State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.1985).

The United States Supreme Court held in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently waives this right and elects to act pro se. The Court observed in *Faretta* that "[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Id.* at 819, 95 S.Ct. at 2533. However, the Court in

*Faretta* noted the risk an accused takes when acting as his own counsel:

> [H]e relinquishes * * * many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forego those relinquished benefits. * * * Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." [Citations omitted.]

*Id.* at 835, 95 S.Ct. at 2541.

In *Webb v. State,* 533 S.W.2d 780 (Tex.Crim.App.1976), the court considered a case closely paralleling defendant's contentions herein. There, following his conviction in the trial court, defendant requested the right to conduct his own appeal. The appellate court held that "the right of an accused to reject the services of counsel and instead represent himself extends beyond trial into the appellate process." *Id.* at 784. The court in *Webb* admonished that when an accused waives his right to counsel and elects to represent himself, he must clearly and unequivocally express this decision on the record before the trial court. The holding in *Webb* we find persuasive in the case before us.

The right of a criminal defendant to prosecute his own appeal, however, contains certain limitations and responsibilities. While an accused has a constitutional right to prosecute his own appeal, he does not have a concomitant right to conduct his appeal while serving as co-counsel with court-appointed counsel. *Cf. State v. Boyer,* 103 N.M. 655, 712 P.2d 1 (Ct.App.1985). Similarly, a court may hear and determine a post-conviction motion without the presence of an incarcerated appellant. *State v. Hibbs,* 82 N.M. 722, 487 P.2d 150 (Ct.App. 1971). Nor does an accused have the right to appear pro se and present oral argument

without the express consent of the appellate court. *See Webb v. State; see also Owen v. State*, 269 Ind. 513, 381 N.E.2d 1235 (1978); *Gilday v. Commonwealth*, 373 Mass. 860, 369 N.E.2d 716 (1977). A defendant who elects to assert his right of self-representation in a criminal appeal is required to comply with all applicable rules of appellate procedure, and he may not use his right to self-representation to cause delay or thwart the orderly and fair administration of justice. *Webb v. State*.

In the instant case, defendant asserted his desire to represent himself on appeal without court-appointed counsel. Where a defendant has timely voiced such request and a waiver of court-appointed counsel is knowingly and intelligently undertaken, counsel may not thereafter be forced upon an appellant. *See Faretta v. California; see also State v. Peterson*, 103 N.M. 638, 711 P.2d 915 (Ct.App.1985), *cert. denied*, — U.S. ——, 106 S.Ct. 1279, 89 L.Ed.2d 586 (1986). However, the trial court may in its discretion, even over the protest of a defendant, appoint "standby" counsel or advisory counsel to aid defendant if he requests assistance. *Faretta*, 422 U.S. at 834–35 n. 46, 95 S.Ct. at 2540 n. 46. *See also United States v. DePugh*, 452 F.2d 915 (10th Cir.1971), *cert. denied*, 407 U.S. 920, 92 S.Ct. 2452, 32 L.Ed.2d 805 (1972). Where an indigent defendant vacillates as to whether he desires to represent himself without benefit of court-appointed counsel, his vacillation may constitute a waiver of his right to self-representation. *State v. Peterson*.

Consideration of an appellant's request to act as his own counsel on appeal, necessarily involves: (1) alerting defendant to the hazards of serving as his own attorney and the difficulties and complexities of the appellate process; and (2) instructing defendant that he will be bound to follow all applicable appellate rules, just as any other appellant represented by counsel. The trial court must place these warnings and admonitions on the record, and the record must reflect whether defendant has knowingly, intelligently and competently

elected to dispense with appellate counsel. *See Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *State v. Sanchez*, 85 N.M. 368, 512 P.2d 696 (Ct. App.1973). In the absence of a clear showing that defendant has waived his right to the assistance of counsel, the court on appeal will indulge in every reasonable presumption against the waiver of a fundamental constitutional right, and will not presume acquiescence in its loss. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *State v. Greene*, 92 N.M. 347, 588 P.2d 548 (1978).

A defendant who chooses to act as his own attorney embarks upon a hazardous course. Although he has a constitutional right to represent himself, a defendant who purposely elects to proceed in this manner will not be heard thereafter to complain that he was denied effective assistance of counsel. *See United States v. Rowe*, 565 F.2d 635 (10th Cir.1977).

As a preliminary to considering defendant's appeal on the merits, we are confronted with defendant's strong insistence on his right to act as his own counsel on this appeal, coupled with a corresponding absence in the record of any indicia as to whether defendant's assertion of this right represents a knowing and intelligent waiver of his right to the assistance of court-appointed appellate counsel. To resolve this issue, the cause is remanded to the trial court for a determination on the record of the following questions: (1) whether defendant is indigent; (2) whether defendant has elected to waive the assistance of appellate counsel; and (3) if defendant makes such election, whether the waiver is a knowing, intelligent and competent waiver. *See Commonwealth v. Tolbert*, 430 Pa. 167, 242 A.2d 265 (1968). On remand, the trial court should adopt findings of fact and conclusions of law, consistent with this opinion, and enter an appropriate order. A copy of the order is to be filed with this court within thirty-five days from the date hereof.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.