725 P.2d 590

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lynn HAMILTON, Defendant-Appellant.**

**No. 9053.**

Court of Appeals of New Mexico.

Aug. 12, 1986.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Peter S. Kierst, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Defendant appeals his conviction of battery upon a peace officer, contrary to NMSA 1978, Section 30–22–24 (Repl.Pamp. 1984). He raises eight issues. Because the first issue is dispositive and requires reversal, we do not reach the remaining issues. The first issue challenges the trial court's finding that defendant waived his right to counsel at the preliminary hearing. We hold the evidence does not support a finding of waiver and remand this case for a new preliminary hearing. *Mascarenas v. State,* 80 N.M. 537, 458 P.2d 789 (1969). Because a new preliminary hearing is required, a discussion of claimed errors occuring at trial would be premature.

On October 10, 1984, defendant was arraigned in Chaves County Magistrate Court and was advised of the filing against him of a criminal complaint which alleged battery upon a peace officer and aggravated assault upon a peace officer. The magistrate advised defendant of his right to counsel and to have counsel appointed if he was determined indigent. Defendant, however, indicated that he would retain counsel. The magistrate then informed defendant of the date of the preliminary hearing and instructed defendant to contact the magistrate if he desired appointed counsel.

On November 6, 1984, defendant appeared at the preliminary hearing without counsel. When the magistrate asked why defendant had no counsel, defendant replied that he had not raised enough money to pay retained counsel. Defendant admitted that he did not attempt to inform the magistrate, prior to the hearing, that he could not obtain counsel. Without offering to appoint counsel or questioning defendant concerning waiver of the right to counsel, the magistrate proceeded with the hearing. Defendant did not object to the absence of counsel. The magistrate, at the

conclusion of the hearing, appointed counsel to represent defendant at trial.

Prior to trial, defendant moved to dismiss the information on the basis that he had not been represented by counsel at the preliminary hearing. At the evidentiary hearing on defendant's motion, the magistrate admitted that he did not question the voluntariness of defendant's "waiver." Relying on his past experiences with defendant, the magistrate testified that he knew that defendant was aware of his right to counsel. In the magistrate's opinion, defendant was merely stalling for time. The magistrate concluded that by failing to inform the court, prior to the hearing, that he needed appointed counsel, defendant waived his right to counsel.

The trial court agreed with the magistrate's ruling and denied defendant's motion to dismiss. The trial court, however, certified for interlocutory appeal the question of whether a knowing and intelligent waiver of counsel may arise by implication. This court denied the application. We now, however, review the issue and answer that question in the negative.

■ The sixth amendment to the United States Constitution is a jurisdictional barrier to the conviction and sentence of any indigent defendant who is denied representation by counsel at any critical stage of a criminal proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The sixth amendment to the United States Constitution is obligatory on state courts through the Due Process Clause of the fourteenth amendment. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). A preliminary hearing is a critical stage of the criminal proceeding. *State v. Vaughn*, 74 N.M. 365, 393 P.2d 711 (1964).

■ When denial of the right to counsel claims arise, there are two basic inquiries. The first inquiry is whether the defendant waived his right to counsel. A waiver is ordinarily "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. at 464, 58 S.Ct. at 1023. The burden is on the state to prove that the defendant abandoned this known right. *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). In determining whether the defendant waived his right to counsel, courts indulge every reasonable presumption against waiver, not presuming acquiescence in the loss of a fundamental right. *Johnson v. Zerbst.* *See also State v. Greene*, 92 N.M. 347, 588 P.2d 548 (1978).

■ If the court determines that the defendant intentionally waived his right to counsel, the next inquiry is whether the defendant knowingly and intelligently waived the right. This determination depends on the particular facts and circumstances of each case, including the background, experience and conduct of the accused. *Johnson v. Zerbst.* When the right is waived but the defendant claims that the waiver was not knowing and intelligent, the burden shifts to the defendant to prove the invalidity of the waiver. *State v. Coates*, 78 N.M. 366, 431 P.2d 744 (1967).

After reviewing the record before us, we hold that defendant did not intentionally waive his right to counsel at the preliminary hearing. Accordingly, we need not discuss the validity of the claimed waiver; that is, whether the waiver was knowingly and intelligently made.

The trial court ruled that by failing to advise the magistrate of his need for appointed counsel, defendant waived his right to counsel at the preliminary hearing. In so ruling, the trial court ignored a well-established principle: an accused is not required to request the assistance of counsel before his right to counsel can be fully invoked. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Because the Constitution clearly grants an accused protection against criminal proceedings without the aid of counsel, counsel must be provided " 'whether or not the accused request[s] the appointment of counsel.' " *Id.* at 513, 82 S.Ct. at 889 (quot-

ing *Uveges v. Pennsylvania,* 335 U.S. 437, 441, 69 S.Ct. 184, 186, 93 L.Ed. 127 (1948)). To shift the burden to the accused to show that he, in fact, desired the assistance of counsel "is wholly at war" with the standard of proof of waiver of the right to counsel which the Supreme Court dictated in *Johnson v. Zerbst. Carnley v. Cochran,* 369 U.S. at 514, 82 S.Ct. at 889.

■ Not only is a defendant not required ·to request the assistance of counsel in order to trigger sixth amendment protections, a waiver of that protection may not be presumed from a silent record. To the contrary, "[t]he record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran,* 369 U.S. at 516, 82 S.Ct. at 890.

Recently, this court, in *State v. Lewis,* 104 N.M. 218, 719 P.2d 445 (Ct.App.1986), held that an indigent criminal defendant has a right to reject court-appointed counsel and to represent himself on appeal. In so holding, we found it necessary to discuss the requirements for a valid waiver of counsel. We cited with approval *Webb v. State,* 533 S.W.2d 780 (Tex.Crim.App.1976), which admonished that when an accused waives his right to counsel and chooses to proceed pro se, "he must clearly and unequivocally express this decision on the record before the trial court." *State v. Lewis,* 104 N.M. at 220, 719 P.2d at 447; *State v. Vaughn.* In the absence of this clear showing of waiver, this court on appeal "will indulge in every reasonable presumption against the waiver of a fundamental constitutional right, and will not presume acquiescence in its loss." *State v. Lewis,* 104 N.M. at 221, 719 P.2d at 448.

In the record before us, we have no clear and unequivocal expression by defendant that he did choose to relinquish his right to counsel and to proceed pro se at the preliminary hearing. At the arraignment, defendant advised the magistrate that he would retain counsel. ·This expression certainly cannot be considered a knowing and intelligent decision to abandon his right to legal assistance. To the contrary, this expression more clearly indicated that defendant desired not to proceed pro se. Next, at the preliminary hearing, defendant only stated that he had been unable to raise funds sufficient to retain counsel. This expression falls short of being a manifest relinquishment of the right to counsel.

The trial court, however, focused its ruling on defendant's failure to contact the magistrate regarding his independent inability to secure counsel and the magistrate's familiarity with defendant. As we stated above, an accused is not required to request assistance of counsel in order to invoke his right to counsel. *Carnley v. Cochran.* Rather, the onus is on the trial court to guard defendant's right to representation. As the Supreme Court, in *Johnson v. Zerbst,* stated:

> The constitutional right of an accused to be represented by Counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without Counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to Counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.

304 U.S. at 465, 58 S.Ct. at 1023.

This record is devoid of any inquiry into whether defendant, by his failure to contact the magistrate, chose to waive his right to counsel, and, if so, whether defendant fully understood the implications of his choice. Also, the record fails to support the magistrate's apparent conclusion that, due to defendant's past confrontations with the law, defendant knew of his right to counsel and effectively waived that right. As defendant asserts in his brief-in-chief, the record does not indicate the other criminal proceedings in which defendant was a participant; the record does not demon-

strate that defendant previously had undertaken self-representation or assistance in his own defense; and the magistrate made no inquiry into defendant's background, education or experience to determine whether defendant was capable of self-representation and understood the nature and consequences of the crime with which he was charged. *See Smith v. Maldonado,* 103 N.M. 570, 711 P.2d 15 (1985). Additionally, there is no indication in the record whatsoever that defendant attempted to delay the proceedings by failing to retain counsel. In fact, the record only indicates that defendant could not afford retained counsel.

■ Therefore, the record fails to support the magistrate's conclusion that defendant waived his right to counsel. Accordingly, the trial court's finding of a knowing waiver is not supported by substantial evidence.

The result which we reach today is consistent with the results reached in other jurisdictions where the courts were confronted with similar fact situations. Particularly on point is *State v. Moore,* 203 Neb. 94, 277 N.W.2d 554 (1979). In *Moore,* the defendant was arrested and arraigned on the same day, at which time the court advised him of his right to representation and his right, if indigent, to have counsel appointed. The defendant indicated that he would retain counsel; however, he was unable to raise enough money to secure private counsel. Eight days before the trial, defendant was arrested for parole violations. He appeared at trial without counsel. Relying on defendant's access to a phone in the jail, through which he could have informed the court of his need of appointed counsel, the trial court ruled that the defendant effectively waived his right to counsel. The trial court so ruled without determining whether the defendant, in fact, was waiving his right to counsel.

The Nebraska Supreme Court disapproved. Because the defendant had affirmatively asserted his desire to exercise his right to counsel by retaining counsel, the appellate court held that the trial court erred in interpreting "the defendant's ap-pearance at trial without counsel as an affirmative, intelligent, and understanding waiver of his constitutional right to counsel simply because the defendant had been advised of his right to counsel a month before." 203 Neb. at 99, 277 N.W.2d at 557. Under these circumstances, the court concluded that "it was wholly unreasonable to assume that the defendant had conclusively rejected an offer of counsel, much less that he had affirmatively waived his right to counsel." *Id.; see also State v. Lee,* 40 N.C.App. 165, 252 S.E.2d 225 (1979); *State v. Rocha,* 48 Or.App. 1017, 618 P.2d 475 (1980). The same applies to the case before us.

Our holding here, however, should not be interpreted as giving criminal defendants an avenue through which to bog down the criminal process. We merely hold that defendant's inability to afford retained counsel and failure to notify the court of his need for appointed counsel provide an insufficient framework on which to base a waiver of the right to counsel. We can perceive of situations in which a defendant's continuing and deliberate recalcitrance could constitute a waiver of counsel. For instance, situations in which a defendant repeatedly seeks continuances in order to obtain counsel or situations in which non-indigent defendants repeatedly refuse to obtain counsel could result in waivers of counsel. *State v. Lee; see also Commonwealth v. Wentz,* 280 Pa.Super. 427, 421 A.2d 796 (1980); *State v. Jacobs,* 271 S.C. 126, 245 S.E.2d 606 (1978).

■ ■ Accordingly, because we hold that the trial court's finding of effective waiver of counsel was not supported by substantial evidence, we conclude that defendant was denied his right to counsel at the preliminary hearing. Because of this denial, the magistrate court lacked jurisdiction to conduct the preliminary hearing. Therefore, it was as though there was no hearing. *State v. Vaughn.* According to our state Constitution, no person shall be held to answer a felony information "without having had a preliminary examination before an examining magistrate, or having

waived such preliminary examination." N.M.Const. art. II, § 14. Defendant here did not waive preliminary examination. Therefore, we remand this case to the trial court to vacate and to set aside the verdict and sentence, and to direct a new preliminary examination of defendant in accordance with this opinion. *Mascarenas v. State.*

IT IS SO ORDERED.

DONNELLY and FRUMAN, JJ., concur.