This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. A-1-CA-34411**

**CHARLES STOKES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant Charles Stokes appeals the district court's denial of his motion to withdraw his plea of no contest to one count of conspiracy to commit aggravated

assault with a deadly weapon and one count of conspiracy to commit aggravated assault resulting in great bodily harm. Defendant's untimely appeal deprives this Court of jurisdiction, therefore we dismiss.

**I.      BACKGROUND**

{2}      Pursuant to a no contest plea agreement, Defendant was convicted of one count of conspiracy to commit aggravated battery with a deadly weapon and one count of conspiracy to commit aggravated battery resulting in great bodily harm. The district court accepted Defendant's plea and entered a judgment and sentence, the latter of which was fully suspended, and placed Defendant on supervised probation for three years. Pursuant to the plea agreement, the State agreed not to pursue habitual offender enhancements, but reserved the option to pursue two separate and nonconsecutive four-year habitual offender enhancements if Defendant violated his probation.

{3}      At the April 8, 2014, plea hearing, Defendant was assisted by counsel and expressed his understanding of the plea agreement that he had reached with the State, as well as the State's reservation of its right to later pursue the same habitual offender enhancements if he violated the terms of his probation. On April 17, 2014, the district court entered the judgment and sentence. Six days later, Defendant was arrested for embezzling a motor vehicle and for a status violation occasioned by his having traveled outside of his county of supervision without his

probation officer's permission. At Defendant's ensuing probation revocation hearing, at which he was again represented by counsel, Defendant agreed to admit to the status violation in exchange for the State's agreement to pursue only one of the two four-year habitual offender enhancements available. Pursuant to this agreement, on May 20, 2014, the district court unsatisfactorily discharged Defendant from probation and sentenced him to serve four years incarceration.

{4}     Two weeks later, on June 2, 2014, Defendant moved pro se to withdraw his original April 8, 2014, no contest plea. He did so based upon what he contended to be ineffective assistance of counsel. The district court denied Defendant's motion without a hearing, making several factual findings derived from the district court's observation of the initial plea proceedings that reflected Defendant's understanding of, and choice to enter into, the plea agreement. Over five months passed before Defendant, on November 21, 2014, filed his informal docketing statement and notice of appeal.

## II.     DISCUSSION

{5}     Defendant does not contest that he entered into an unconditional, no contest plea agreement in which he did not reserve the right to appeal or that his appeal was not timely filed. Rather, he asserts that his plea and his untimely appeal were a product of ineffective assistance of counsel. He additionally argues that the district court deprived him of his right to counsel when it summarily denied his pro se

3

motion to withdraw his plea without counsel present and without seeking a waiver of counsel from Defendant. Finally, Defendant argues that his underlying convictions violate double jeopardy.

{6} As a threshold matter, timely filing of any appeal is a mandatory precondition to this Court's jurisdiction. *State v. Lope*, 2015-NMCA-011, ¶ 8, 343 P.3d 186. A criminal defendant must file a notice of appeal from the district court's final judgment within thirty days after the district court enters such judgment. NMSA 1978, § 39-3-3(A)(1) (1972); Rule 12-201(A)(1)(b). However, the full time required to file a notice of appeal commences upon the filing of an order expressly disposing of the last of any "motion that has the potential to affect the finality of the underlying judgment or sentence[.]" Rule 12-201(D)(1). Although there is a conclusive presumption of ineffective assistance of counsel that permits untimely appeals by represented criminal defendants convicted at trial, this presumption is inapplicable to pleas of guilty or no contest. *State v. Peppers*, 1990-NMCA-057, ¶¶ 19-21, 110 N.M. 393, 796 P.2d 614. Moreover, a defendant who chooses to proceed on appeal without assistance of counsel "is required to comply with all applicable rules of appellate procedure[.]" *State v. Lewis*, 1986-NMCA-038, ¶ 10, 104 N.M. 218, 719 P.2d 445. The extent of this Court's appellate jurisdiction is reviewed de novo. *State v. Allen*, 2014-NMCA-111, ¶ 7, 336 P.3d 1007.

4

**{7}** After carefully considering the parties' arguments, as well as the underlying record and procedural circumstances of this case, we conclude that Defendant's appeal is untimely. Initially, we observe that Defendant's June 2, 2014 pro se motion to withdraw his plea agreement, even had he remained represented by counsel, was itself not timely under NMSA 1978, Section 39-1-1 (1917) (requiring a motion to withdraw a plea to be filed within thirty days of the judgment). Nonetheless, motions to withdraw a plea filed in excess of thirty days from a given judgment may be treated as petitions for writs of habeas corpus under Rule 5-802 NMRA. *Peppers*, 1990-NMCA-057, ¶ 16. The denial of such a petition is not directly appealable to this Court; rather, such may serve as the basis for seeking discretionary review on a writ of certiorari to our Supreme Court. *Id.*

**{8}** More critically and coupled with what the record reveals to be Defendant's failure to timely move to withdraw his plea in district court or to seek review of the denial of what can be characterized as a writ of habeas corpus directly by our Supreme Court, Defendant's direct appeal to this Court was filed in excess of five months beyond the date on which it would have been timely. Recognizing this and relying on *State v. Duran*, 1986-NMCA-125, ¶ 10, 105 N.M. 231, 731 P.2d 374 (establishing a conclusive presumption of ineffective assistance of counsel when a notice of appeal from a conviction is untimely filed by an attorney on behalf of a represented defendant), Defendant asserts that his appeal should be considered

5

timely. In *Duran*, we treated the defendant's untimely appeal as if it were timely and proceeded to address the merits of the defendant's arguments. *Id.* ¶ 6. Here, Defendant asks us to hold that the presumption of ineffective assistance of counsel extends to self-filed untimely appeals that follow a plea of no contest that did not preserve a right to appeal.

{9}     In this circumstance, two cases instruct otherwise. First, and most critically, the *Duran* presumption is only available to represented defendants. *See State v. Upchurch*, 2006-NMCA-076, ¶ 4, 139 N.M. 739, 137 P.3d 679 (noting the *Duran* presumption's applicability to "represented criminal defendants"); *Lewis*, 1986-NMCA-038, ¶ 10 ("A defendant who elects to assert his right of self-representation in a criminal appeal is required to comply with all applicable rules of appellate procedure, and he may not use his right to self-representation to cause delay or thwart the orderly and fair administration of justice."); *see also Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 ("[A d]efendant[] who has chosen to represent himself[] must comply with the rules and orders of the court[.]"). Defendant filed an untimely notice of appeal and informal docketing statement pro se, thereby precluding application of the *Duran* presumption.

{10}     Second, this Court further limited the reach of the *Duran* presumption in *Peppers*, 1990-NMCA-057, ¶ 21, when we refused to establish *Duran* as applicable to criminal appeals in which a plea of guilty or no contest had been

6

entered. And although *Peppers* nonetheless addressed the merits of the defendant's appeal due to "an unusual fact pattern" that included the state not disputing the defendant's assertion that he received ineffective assistance of counsel, *id.* ¶¶ 22-23, here Defendant pleaded no contest to both counts of conspiracy to commit aggravated battery and filed a pro se motion to withdraw his guilty plea in district court that was untimely under Section 39-1-1, one that is alternatively characterizable as a petition for a writ of habeas corpus under Rule 5-802, and over which this Court lacks jurisdiction on appeal.

{11} Accordingly, applying our precedent to the procedural circumstances of this case, we conclude that the *Duran* presumption is unavailable to Defendant on not one, but two separate bases. We reject Defendant's contention that his appeal should be considered timely, and because that leaves us with no basis to conclude that we have jurisdiction to proceed on the merits of Defendant's appeal, we dismiss.

{12} In dismissing, we make the following additional observations. First, Defendant's appeal was not merely untimely as to the district court's second judgment revoking his probation and imposing the four-year period of incarceration; Defendant did not appeal from the initial judgment that followed his no contest pleas or directly from the order revoking his probation. Instead, he appeals only from the district court's denial of his motion to withdraw his guilty

7

pleas. It appears to this Court that even were we to presume ineffectiveness in the tardy filing of Defendant's appeal, that presumption would relate only to issues attendant to the denial of Defendant's motion to withdraw his guilty plea.

**{13}** Second, Defendant presents no argument that exceptional circumstances beyond his control exist that might excuse his untimely appeal. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369 (permitting our acceptance of tardy appeals in certain exceptional circumstances). As well, our review of the record reveals no unusual circumstances that bear the capacity to justify application of our discretion to review the merits of Defendant's appeal. *See Peppers*, 1990-NMCA-057, ¶ 22 (exercising the court's discretion to review the merits of an untimely appeal based upon unique facts). Third, we recognize that under *Peppers* Defendant's motion to withdraw his plea might best be construed as a petition for a writ of habeas corpus pursuant to Rule 5-802. *See Peppers*, 1990-NMCA-057, ¶ 16. Although Defendant's motion was not denominated as a petition for a writ of habeas corpus, we are not governed by the nomenclature of a pleading so long as the substance of the pleading conforms with the applicable rule. *See Phelps Dodge Corp. v. Guerra*, ¶ 18, 1978-NMSC-053, 92 N.M. 47, 582 P.2d 819. As stated, the denial of such petitions are not reviewed by this Court. Lastly, Defendant presents no argument, and we find nothing in the record to suggest, that exceptional circumstances beyond his control exist that might excuse his untimely

8

appeal. *See State v. Vigil*, 2014-NMCA-096, ¶ 7, 336 P.3d 380 ("[W]e will excuse an untimely appeal only in exceptional circumstances beyond the control of the parties, which we have determined would include errors on the part of the court." (internal quotation marks and citation omitted)); *Peppers*, 1990-NMCA-057, ¶ 22 (holding that this Court *may* review the merits of an untimely appeal when a defendant fails to timely appeal his case due to the district court's failure to appoint a public defender during the period of time that was critical to the defendant's assertion of his appellate rights).

{14}     In dismissing, we decline to reach Defendant's claims concerning double jeopardy and the manner in which the district court denied his untimely pro se motion to withdraw his plea agreement based upon his assertion of ineffective assistance of counsel. *See Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so. We have repeatedly declined to decide constitutional questions unless necessary to the disposition of the case." (internal quotation marks and citation omitted)); *see also State v. Pratt*, 2005-NMCA-099, ¶ 1, 138 N.M. 161, 117 P.3d 967 (explaining that, when one issue is dispositive, this Court need not reach the merits of the other issues). Our ruling today, however, does not deprive Defendant of his opportunity to litigate his ineffective assistance of counsel claim in habeas corpus proceedings. *See State v.*

*Barraza*, 2011-NMCA-111, ¶ 10, 267 P.3d 815 ("In New Mexico, a defendant may seek habeas corpus relief under Rule 5-802 for a claim of ineffective assistance of trial counsel.").

**III.   CONCLUSION**

{15}   We dismiss.

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**