GOTHARD, Judge.
On November 25, 1987 the defendant, Ronald Anderson, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. He was arraigned on January 8, 1988 and pled not guilty. After a trial on April 19, 1988 the jury returned a responsive verdict of first degree robbery. On April 29, 1988 the state *1392 filed a bill of information charging the defendant as a multiple offender in accordance with LSA-R.S. 15:529.1 He was arraigned on that charge on May 13, 1988 and denied the allegations. On July 22, 1988 a defense motion for new trial was denied by the trial court. Also on that day the state withdrew the multiple bill. After waiving all delays the defendant was sentenced to serve twenty-five years at hard labor without benefit of probation, parole or suspension of sentence.
A motion for appeal, filed on August 2, 1988, was dismissed as untimely by this court and the matter was remanded to allow the defendant an opportunity to seek an out-of-time appeal through post conviction relief. State v. Anderson, 537 So.2d 872 (La.App. 5th Cir.1989).
A pro se motion for reinstatement of his right to appeal out-of-time was granted on October 25, 1989. Despite defendant’s request to be allowed to proceed pro se, appellate counsel was appointed. Defendant sought review of that decision. On December 7, 1989 this court granted defendant’s writ and ordered the trial court to conduct an evidentiary hearing to determine whether the defendant should be allowed to exercise his right to waive counsel on appeal. State v. Anderson, 89 KH 770 December 7, 1989. The matter was taken up in the trial court on February 2, 1990. As a result of defendant’s statements to the court that he had an eleventh grade education and was currently enrolled in a paralegal course in prison, the court found defendant’s waiver to be an informed and knowledgeable one. The defendant was allowed to proceed pro se and the court record was made available to him.
FACTS:
On October 10, 1987 at about 4:30 a.m. Debra Anderson[1] left the Young Men’s Night Club and walked to her car. As she opened the ear door the defendant approached her from behind, stuck something in her back and said, “Give me your purse.” In disbelief the victim turned expecting to see an acquaintance. However, when she faced the defendant he removed her purse forcibly from her shoulder. A struggle ensued and Ms. Anderson fell against the car horn alerting several men in the area that a robbery was occurring. As the men approached the defendant he ran away with the victim’s purse firing two or three shots to discourage pursuit.
Laura Powell, owner of the Young Men’s Club ran out of the bar in time to witness the struggle. She testified at trial that she recognized the perpetrator as Ronald Anderson, a man she had known since his childhood. The defendant was also positively identified as the robber by the victim.
Although granted an extension of time in which to file a brief, defendant has failed to assign or brief any errors. Appellate defense counsel in an assignment of error filed before defendant was allowed to waive counsel, has requested a review of errors patent on the face of the record. In accordance with LSA-C.Cr.P. art. 920 we have made such a review.
It is noted that neither the transcript nor the minute entry of sentencing reflects that the defendant was given credit for time served as required by LSA-C. Cr.P. art. 880, although the commitment indicates the defendant will, in fact, be afforded this credit. We amend the sentence to give credit for time served.
For the foregoing reasons, the conviction is affirmed and the sentence is amended to include credit for time served.
AMENDED AND AFFIRMED AS AMENDED.

. The victim and the defendant are unrelated.