864 So.2d 854 (2003)
STATE of Louisiana
v.
George BRUCE.
No. 03-KA-918.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*856 Paul D. Connick, Jr., District Attorney, Andrea F. Long, Terry M. Boudreaux, Robert Malbrough, Assistant District Attorneys, Gretna, LA, Counsel for State.
Prentice L. White, Baton Rouge, LA, Counsel for defendant-appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, George Bruce, was charged in a bill of information on March 15, 2002 with possession of cocaine in violation of LSA-R.S. 40:967(C). At approximately 2:30 p.m. on February 26, 2002, Officer Harold Bourgeois and Deputy Philip DeSalvo were on patrol in the 8000 block of Airline Drive, also known as Bunche Village, in Metairie when they saw defendant and a black female standing on the corner of Ivy and Elm Street conversing with each other.
Officer Bourgeois knew the area to be a high drug area and believed a hand-to-hand drug transaction had occurred between defendant and the female. As the officers approached the pair in an unmarked vehicle, the pair split up and started walking in different directions.
Both Officer Bourgeois and Deputy DeSalvo then observed defendant take something out of his mouth and drop an object on the ground. Officer Bourgeois, who was only five yards away from defendant, exited his vehicle and picked up the object which was a clear cellophane wrapper containing three off-white rocks that later tested positive for cocaine. Defendant was subsequently arrested.
He pled not guilty and the Indigent Defender Board (IDB) was appointed to represent him. Defendant subsequently sought to represent himself and, on June 17, 2002, the trial court granted his request. Thereafter, defendant filed pro se pretrial motions consisting of a motion for a bill of particulars and a motion for discovery and inspection of exculpatory evidence. The State filed written responses to defendant's request for a bill of particulars. Defendant also requested a few subpoenas duces tecum which were granted in part.
Defendant proceeded to trial on August 26, 2002. At trial, defendant admitted being at the corner of Ivy and Elm on February 26, 2002 with a female when the police approached but denied that he possessed cocaine on that date. After a three-day trial, a unanimous six-person jury found defendant guilty as charged. Defendant was sentenced to two years at hard labor.
The State then filed a multiple offender bill of information alleging defendant to be a third felony offender based on two prior convictions for possession of cocaine and armed robbery. Defendant stipulated to the allegations contained in the multiple *857 bill and was resentenced as a multiple offender to five years without probation or suspension of sentence.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant's sole argument on appeal is that the trial court erred in allowing him to represent himself without ascertaining that he knowingly and intelligently waived his right to counsel. Defendant contends the trial court did not inquire into his understanding of the proceedings or advise him of the dangers and disadvantages of self-representation. As a result, defendant claims the record shows he inadequately represented himself in that his questions of witnesses were irrelevant, he failed to lodge any objections during the State's case, and he did not oppose any of the State's evidence. Defendant maintains the trial court committed reversible error in allowing him to represent himself.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution give a defendant the right to counsel as well as the right to defend himself. A defendant may represent himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Bridgewater, 00-1529 (La. 1/15/02), 823 So.2d 877, 893, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003).
Once a defendant has clearly requested to represent himself, the trial court must determine whether the defendant is competent to waive counsel and is "voluntarily exercising his informed free will." State v. Santos, 99-1897 (La.9/15/00), 770 So.2d 319, 321, quoting Faretta, 422 U.S. at 835, 95 S.Ct. 2525. The competency at issue is a defendant's competence to waive the right to counsel and not his competence to represent himself. State v. Santos, supra at 321.
In accepting a waiver of counsel, the trial court should advise the defendant of the nature of the charges, the penalty range for the charges and of the dangers and disadvantages of self-representation such as the failure to recognize objections to inadmissible evidence and the inability to adhere to technical rules governing trials. State v. Strain, 585 So.2d 540, 542-543 (La.1991). Additionally, the trial court should inquire into the defendant's age, education and mental condition and should determine according to the totality of circumstances whether the accused understands the significance of the waiver. State v. Strain, supra at 542. In order to sufficiently establish on the record that defendant is making an intelligent and knowing waiver, the inquiry should involve more than an interchange of "yes" or "no" responses from the defendant. Id.
There is no inflexible criteria or magic word formula for determining the validity of a defendant's waiver of the right counsel. Rather, the validity of the waiver must take into account the totality of the circumstances in each case. State v. Stevison, 97-3122 (La. 10/30/98), 721 So.2d 843, 845.
The failure of the trial court to secure a valid waiver of counsel constitutes reversible error. State v. Price, 96-680 (La.App. 5 Cir. 2/25/97), 690 So.2d 191, 196.
Defendant cites State v. Drumgole, 31,294 (La.App. 2 Cir. 10/28/98), 721 So.2d 956, in support of his position that the trial court did not adequately ascertain whether he knowingly and intelligently waived his right to counsel. In Drumgole, the court determined defendant's waiver of counsel was invalid. The only questions the trial *858 court asked defendant was whether he wanted to represent himself and whether defendant thought he was competent to handle his case. The trial court then accepted defendant's affirmation without further inquiry.
To the contrary, the record in the present case shows a detailed inquiry into the understanding of defendant in waiving his right to counsel. On June 17, 2002, defendant appeared in open court and unequivocally stated his desire to represent himself. Prior to reviewing the waiver of right to an attorney form, the trial court cautioned defendant against self-representation by explaining several times that defendant was facing a life sentence as a multiple offender if convicted on the underlying charge. The trial court also reviewed the current plea offer by the State which was five years as a multiple offender. The trial court expressed its opinion that self-representation places defendant at a tremendous disadvantage because the State will use an experienced prosecutor to attempt to convict defendant. While acknowledging defendant's right to self-representation, the trial court stringently discouraged it.
The trial court further advised defendant that it could give only limited help in making sure defendant took advantage of the procedural laws available to him and even discussed defendant's option under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court reminded defendant that appointed counsel could remain on the case as an adviser to help defendant with procedural matters. The trial court expressed concern that defendant was making a decision out of anger or frustration and took a break in the proceedings to allow defendant an opportunity to think about his decision. Defendant assured the trial court he was not choosing self-representation out of anger or frustration.
After the break, defendant again stated he wanted to defend himself. The trial court then reviewed with the defendant in open court the waiver of right to an attorney form which defendant had executed. The form indicated defendant could read and write. It advised defendant that an attorney is experienced and may know of certain defenses available or procedures which may result in defendant's case being dismissed or the charges being reduced that may not be known to defendant. Defendant was further advised that he would have to file his own motions, make his own objections, cross-examine witnesses at trial and prepare his own defense.
Defendant was also told of his right to have an attorney appointed to assist him. Defendant questioned this right by inquiring whether the attorney appointed to assist him would be different than his original appointed IDB attorney. The trial court advised it would be the original appointed IDB attorney. Defendant again stated he did not want that attorney to assist him.
Defendant indicated he would accept another attorney but not his original IDB attorney. Defendant had earlier expressed his dissatisfaction with his appointed attorney claiming his attorney exhibited "poor performance." Defendant ultimately stated he understood everything the trial court had reviewed and the trial court granted defendant's request to represent himself.
We find that defendant knowingly and intelligently waived his right to counsel. Defendant was advised several times of the severity of charges and the fact he faced a possible life sentence if convicted. The trial court strongly discouraged defendant from self-representation and cautioned him about the dangers of self-representation. *859 After engaging defendant in a lengthy discussion, the trial court determined defendant understood his right to counsel and made a knowing and intelligent waiver of that right.
Furthermore, the trial court was aware of defendant's prior convictions. By noting defendant faced a life sentence as a multiple offender, the trial court knew defendant had at least two prior convictions. In State v. Norman, 99-600 (La.App. 5 Cir. 2/16/00), 756 So.2d 525, 529, writ denied, 00-971 (La.3/23/01), 787 So.2d 1007, this Court stated that a defendant's prior experience with the judicial process and criminal justice system from previous convictions could be considered in determining whether a defendant made a knowing and intelligent waiver of his right to counsel. In Norman, defendant had two prior felony convictions. This Court determined that defendant was aware of the dangers of self-representation and had knowledge of the judicial process because of his past experiences. See also, State v. Luna, 00-858 (La.App. 5 Cir. 10/31/00), 772 So.2d 249, 258, writ denied, 00-3244 (La.10/12/01), 799 So.2d 495, where this Court determined the defendant's past experience with the criminal justice system helped support a finding that the defendant understood the waiver of counsel.
Additionally, although defendant indicated a willingness to accept another attorney to assist him, an indigent defendant does not have the right to have a particular attorney appointed to represent him. State v. Harper, 381 So.2d 468, 470 (La.1980).
The record more than adequately shows the trial court assessed the defendant's competency, understanding and volition. Accordingly, we find the district court did not err in permitting the defendant to act as his own attorney and represent himself.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). One error patent is presented for review.
The trial court ordered defendant's enhanced five-year sentence to be served concurrently "with any parole or probation revocation that he may be facing in any other court." At the beginning of the multiple bill hearing, the prosecutor represented that defendant's parole had been revoked and that the enhanced sentence could run concurrently with the parole revocation. While there is no prohibition against a trial court ordering a sentence to run concurrent with a parole revocation, LSA-C.Cr.P. art. 901(C)(2) states that only the judge who revokes the probation can order the sentence on a probation revocation to run either concurrent or consecutively with the sentence on the later conviction. State v. Perrilloux, 99-1314 (La.App. 5 Cir. 5/17/00), 762 So.2d 198, 205-206.
The record indicates defendant's parole was revoked. There was no mention of a probation revocation. It appears the trial court simply erred in including the words "probation revocation" in its imposition of a concurrent sentence. Nonetheless, the trial court lacked authority to order defendant's five-year enhanced sentence to be served concurrently with any sentence defendant received in a probation revocation proceeding.
In State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, the Louisiana Supreme Court effectively held that the appellate court has the authority to recognize and correct an illegally lenient sentence. In State v. Clemons, 01-1032 (La. App. 5 Cir. 2/26/02), 811 So.2d 1047, writ denied by State v. Phillips, 02-866 *860 (La.11/22/02), 834 So.2d 972, cert. denied by Clemons v. Louisiana, ___ U.S. ___, 123 S.Ct. 2228, 155 L.Ed.2d 1117 (2003), this Court remanded the case for the correction of defendant's illegally lenient sentence where the trial court failed to impose a fine of "not more than ten thousand dollars" and failed to specify that the defendant's sentence would be "without benefit of probation, parole, or suspension of sentence" as required by statute.
Therefore, we remand this matter to the trial court for resentencing in accordance with the above.
Accordingly, we affirm the trial court's ruling allowing defendant to represent himself and remand this matter for resentencing.
AFFIRMED; REMANDED FOR RESENTENCING.