923 So.2d 189 (2006)
STATE of Louisiana
v.
Jose MENDEZ.
No. 05-KA-173.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
*190 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Juliet Clark, Gevin Grisbaum, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jose Mendez, In Proper Person, New Orleans, Louisiana, Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Defendant, Jose Mendez, in proper person, appeals his convictions for possession of MDMA in violation of LSA-R.S. *191 40:966(C) and possession of cocaine in violation of LSA-R.S. 40:967(C). For the following reasons, we pretermit discussion on defendant's lone assignment of error and remand to the trial court for a hearing on the issue of whether defendant knowingly waived his right to counsel on appeal.
Defendant, Jose Mendez, was charged in a bill of information on March 7, 2002 with possession of MDMA in violation of LSA-R.S. 40:966(C) and possession of cocaine in violation of LSA-R.S. 40:967(C). Mendez pled not guilty to these charges on the following day. On December 13, 2002, Mendez withdrew his not guilty pleas and pled guilty to both counts. Mendez was, thereafter, sentenced to imprisonment at hard labor for two years on each count to run concurrent with each other and was given credit for time served.
On September 2, 2003, Mendez filed an application for post-conviction relief and argued in his brief that he entered his guilty plea with the mistaken impression of his total sentencing exposure and, therefore, requested that the court amend the court minutes to comply with LSA-C.Cr.P. art. 883 or in the alternative allow him to withdraw his guilty plea. By order signed September 8, 2003, the trial court denied Mendez's request, noting that his proper remedy was to file a writ application or an appeal within the time delays and that the claim should be filed in the Nineteenth Judicial District Court.[1]
Mendez filed an application for post-conviction relief brief on September 30, 2003, which was denied without prejudice by the trial court on October 6, 2003 for failure to use the uniform application for post-conviction relief.
On November 5, 2003, Mendez filed an application for post-conviction relief, requesting an out-of-time appeal and arguing his sentence should be amended to correct the deficiency to comply with LSA-C.Cr.P. art. 883 or in the alternative to vacate the guilty plea as not having been entered knowingly and intelligently. On November 13, 2003, the trial court granted Mendez an out-of-time appeal with a return date of December 12, 2003 but concluded that, on September 8, 2003, the court previously addressed and denied defendant's argument and, therefore, defendant's request was denied as repetitive.
On December 9, 2003, defendant filed Designation of the Records and Assignment of Errors. On this same date, Mendez filed a Motion for Leave of Court to Proceed on Appeal in Proper Person with an attached affidavit and memorandum in support; however, a ruling on this motion does not appear in the record before us. On December 9, 2003, Mendez also filed his original brief with this Court. On December 15, 2003, this Court denied defendant's writ application as premature because the appellate record had not been lodged.
Thereafter, on January 7, 2004, Mendez filed a Motion and Affidavit in Support of Motion to Proceed In Forma Pauperis. Finding that Mendez did not have a matter for consideration with the trial court, the trial court denied this motion on January 27, 2004. However, on February 6, 2004, the trial court realized the previous order was in error and found that Mendez was entitled to such status to perfect his appeal.
On May 11, 2004, defendant filed a motion for appeal, requesting a new return date be set to resubmit his appeal to this *192 Court. The trial court denied Mendez's motion on May 14, 2004 and provided that defendant's appeal would be lodged with this Court once the transcript was completed by the court reporter.
On February 24, 2005, defendant filed a pro se appellant brief, arguing that his guilty plea was not knowingly and intelligently made.
We first raise and consider, sua sponte, a preliminary issue of whether Mendez can represent himself in a criminal appeal when there has not been a showing on the record that he has knowingly and voluntarily waived his right to counsel on appeal.
In Faretta v. California,[2] the United States Supreme Court held that a defendant "has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." Martinez v. Court of Appeal of California, Fourth Appellate.[3] However, this conclusion in Faretta only extended to a defendant's "constitutional right to conduct his own defense" and, therefore, the holding was confined to the right to defend oneself at trial.[4] In Martinez v. Court of Appeal of California, Fourth Appellate,[5] the United States Supreme Court re-examined Faretta and held that a defendant has no Sixth Amendment right of self-representation on direct appeal from a criminal conviction.[6] In Martinez, the Court recognized the states' discretion to conclude that the government's interests outweigh an invasion of the appellant's interest in self-representation.[7] Although there is no federal constitutional right of self-representation on appeal, the Martinez court noted that its holding did not preclude the states from recognizing a right to self-representation on direct appeal from a criminal conviction under their own constitutions.[8]
As set forth in Article I, § 13 of the Louisiana Constitution, in pertinent part, "[a]t each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment."[9] The right to judicial review is provided by Article I, § 19 of the Louisiana Constitution, and in pertinent part, states that "[n]o person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived." Section 22 of the Louisiana Constitution provides access to courts: "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered *193 without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."[10]
While this Court has observed that the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution give a defendant the right to counsel as well as the right to defend himself in a criminal prosecution,[11] we have never directly or expressly addressed the issue of whether this right ends merely at the trial level.[12] In addressing this same issue before the decision of Martinez, however, the Louisiana First Circuit in State v. Warner[13] held that the right of representation extended through a defendant's first appeal, reasoning:
Apparently no Louisiana appellate court has expressly addressed the issue of whether or not a criminal defendant's right to self-representation extends beyond trial into the appellate process. However, other jurisdictions have held that the right to self-representation extends into the appellate process. See, e.g., State v. Lewis, 104 N.M. 218, 719 P.2d 445 (Ct.App.1986); Webb v. State, 533 S.W.2d 780 (Tex.Crim.App.1976). We hold a defendant's right to self-representation extends to his first appeal.
However, the accused's right to proceed pro se on appeal does not include the right to appear before this Court and present oral argument. See Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). This court has discretion to decide whether or not such an appearance and presentation will be allowed. See State v. Lewis, 104 N.M. at 220-221, 719 P.2d at 447-448; Webb v. State, 533 S.W.2d at 784.
After due consideration, we adopt the Court's analysis in Warner, and hold that Article I, § 13 of the Louisiana Constitution should not be restricted to representation at trial, as is the Sixth Amendment to the United States Constitution,[14] in light of the language in Article I, § 13 of the Louisiana Constitution, which provides for representation "at each stage of the proceedings."
In accordance with the above holding, we next address the issue of whether Mendez's decision to represent himself on appeal was knowingly and intelligently made, and whether the assertion of his right is "clear and unequivocal."[15] The record before us does not reflect that a hearing was conducted to determine whether or not the defendant has knowingly and intelligently elected to represent himself on appeal.[16] A defendant may represent *194 himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel.[17]
After the defendant clearly has requested to represent himself, the trial court determines whether the defendant is competent to waive counsel and is "voluntarily exercising his informed free will."[18] The competency at issue is the defendant's competence to waive the right to counsel rather than his competence to represent himself.[19] To sufficiently establish on the record that defendant's waiver is knowing and intelligent, the inquiry should involve more than an interchange of "yes" or "no" responses from the defendant.[20] The trial court must make an adequate inquiry for the reviewing court to determine whether or not the defendant has knowingly and intelligently elected to represent himself on appeal.[21] The validity of the waiver must take into account the totality of the circumstances in each case.[22]
In State v. Warner,[23] the court noted that the trial court is given much discretion in determining whether the waiver was knowing and intelligent and the appellate court should not reverse the ruling absent an abuse of that discretion. It stated:
There are pertinent practical considerations for applying this standard of appellate review to this substantive issue. At the trial level, the court is much more familiar with the accused as an individual because it has the opportunity of seeing the defendant at a number of court appearances and motions. In considering an appeal, the sole contact the appellate court has with a litigant may be the brief filed on his behalf.
In addition, the competency at issue is the defendant's competence to waive the right to counsel rather than his competence to represent himself. We find that the quality of defendant's pro se brief and the fact that it is before this Court with a response from the State is insufficient to determine whether the waiver of counsel was knowingly and intelligently made. Further, defendant's affidavit, which is attached to his motion for leave of court to proceed in proper person on appeal, only provides defendant's own subjective perception as to his competence to waive counsel on appeal. As such, we deem it necessary to remand this matter for hearing *195 and a trial court ruling on the outstanding motion for leave to proceed in proper person on appeal.[24]
For the foregoing reasons, we decline to consider the merits of defendant's appeal, and we remand for further proceedings consistent with this opinion.
APPEAL NOT CONSIDERED; REMANDED.
NOTES
[1] The trial court noted that LSA-R.S. 15:571.15 provides that the venue in actions contesting good time dates, computation of sentences, or parole shall be in the parish of East Baton Rouge.
[2] 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (emphasis added).
[3] 528 U.S. 152, 153, 120 S.Ct. 684, 687, 145 L.Ed.2d 597 (2000).
[4] Id. (citing Faretta, supra, at 836, 95 S.Ct. 2525).
[5] 528 U.S. 152, 153, 120 S.Ct. 684, 687, 145 L.Ed.2d 597 (2000).
[6] State v. Luna, 00-858 (La.App. 5 Cir. 10/31/00), 772 So.2d 249, 257, fn. 1, writ denied, 00-3244 (La.10/12/01), 799 So.2d 495.
[7] Martinez, supra, at 692.
[8] Id.
[9] The Louisiana Code of Criminal Procedure also provides for the accused's right to counsel: "The accused in every instance has the right to defend himself and to have the assistance of counsel. His counsel shall have free access to him, in private, at reasonable hours." LSA-C.Cr.P. art. 511. It is noted that comment (a) of this article provides that "[t]he right to assistance of counsel stated here is not the right to free court-appointed counsel, but rather defendant's basic right to procure and consult with counsel of his own selection if he can pay for them."
[10] La. Const. art. I, § 22.
[11] State v. Robertson, 03-1062 (La.App. 5 Cir. 12/30/03), 864 So.2d 875, 877.
[12] We do recognize, however, that even after Martinez, this Court has allowed past pro se appeals to proceed without expressly citing authority for the right of self representation on appeal.
[13] 594 So.2d 397, 402 (La.App. 1 Cir.1991), writs denied, 596 So.2d 196 (La.1992) and 600 So.2d 668 (La.1992).
[14] The Sixth Amendment to the United States Constitution provides for representation at the trial level, expressing that in all criminal prosecutions, the accused shall have the right "to have the Assistance of Counsel for his defence." U.S. Const. amend. VI (emphasis added).
[15] State v. Brown, 03-0897 (La.4/12/05), 907 So.2d 1, 22 (citing U.S. Const. amend. VI; La. Const. art. I, § 13; Faretta v. California, 422 U.S. at 835, 95 S.Ct. at 2541; State v. Hegwood, 345 So.2d 1179, 1181-82 (La. 1977)).
[16] It is noted that defendant signed a waiver of rights and guilty plea form which included the following:

If you were to go on trial, and in the event of a conviction, if the jury finds you guilty, you would have the right to appeal. Again, in the event of an appeal, if you could not afford an attorney, one would be appointed, which would not cost you anything. By entering a plea of guilty you are waiving or giving up these rights. Do you understand that?
In open court when questioned by the judge as to this provision, defendant advised the court that he understood this right he was waiving
[17] State v. Bruce, 03-918 (La.App. 5 Cir. 12/30/03), 864 So.2d 854 (citing Faretta, supra; State v. Bridgewater, 00-1529 (La.1/15/02), 823 So.2d 877) (emphasis added).
[18] State v. Bruce, 864 So.2d at 857 (citing State v. Santos, 99-1897 (La.9/15/00), 770 So.2d 319, 321, quoting Faretta, 422 U.S. at 835, 95 S.Ct. 2525, 45 L.Ed.2d 562).
[19] State v. Bruce, supra (citing State v. Santos, supra, at 321).
[20] State v. Bruce, supra, at 857 (citing State v. Strain, 585 So.2d 540, 542 (La.1991)).
[21] State v. Warner, 594 So.2d at 403.
[22] State v. Bruce, supra (citing State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 845).
[23] 594 So.2d at 403.
[24] After reviewing the procedural history of cases as reflected in decisions, it appears that, prior to Martinez, some Louisiana courts have remanded cases to district courts for evidentiary hearings to determine whether the defendant intelligently and voluntarily waived his right to counsel on appeal. See, State v. Daigle, 95-1260 (La.App. 3 Cir. 6/11/97), 701 So.2d 685; State v. Anderson, 561 So.2d 1391, 1392 (La.App. 5 Cir.1990) (citing State v. Anderson, 89-KH-770, 12/7/89) (in State v. Anderson, the trial court found that the waiver was informed and knowledgeable and allowed the defendant to proceed pro se); State v. Dassau, 534 So.2d 467 (La.App. 5 Cir. 1988). The procedural history set forth in State v. Andrus, 00-1427 (La.App. 3 Cir. 3/28/01), 782 So.2d 704, 705 provides that, when the defendant sought to represent himself on appeal, the case was remanded to the trial court for an affirmative showing on the record that defendant was informed of the dangers and disadvantages of self-representation and that he made an intelligent and voluntary waiver of counsel.