982 So.2d 873 (2008)
STATE of Louisiana
v.
Larry LEWIS.
No. 07-KA-947.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Brandon Kinnett, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Prentice L. White, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and GREG G. GUIDRY.
EDWARD A. DUFRESNE, JR., Chief Judge.
On June 12, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant, Larry Lewis, with possession with intent to distribute cocaine, in violation of R.S. 40:967A. At the June 13, 2007 arraignment, defendant pled not guilty. On August 21, 2007, defendant withdrew his plea of not guilty and, after being advised of his constitutional rights, pled guilty as charged, reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial judge thereafter sentenced defendant to fifteen years at hard labor, the first two years without benefit of probation, parole, or suspension of sentence, to run concurrently *875 with sentences imposed for other offenses. Defendant now appeals.[1]

FACTS
According to the probable cause affidavit contained in the record, narcotics agents from the Jefferson Parish Sheriff's Office executed a search warrant at defendant's residence on March 29, 2007. In the residence, they seized a plastic bag containing 14 grams of white rocks that tested positive for the presence of cocaine.

ANDERS BRIEF
On appeal, defendant's appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.
The Anders procedure used in Louisiana was discussed in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), adopted for use by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
According to Anders, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but his brief must also contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, 704 So.2d at 242 (quoting State v. Mouton, 653 So.2d at 1177).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm defendant's conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In this case, defense counsel has complied with all the requirements necessary to file an Anders brief. Specifically, counsel has reviewed the procedural history and the facts of the case. Counsel has also evaluated defendant's withdrawal of his plea of not guilty and has determined it to be constitutional. Counsel has likewise evaluated defendant's sentence and has determined it to be within the statutory range. Counsel therefore concludes in his brief that there are no non-frivolous issues for appeal.
In addition, defense counsel certifies that defendant was served with a copy of the Anders brief and his motion to withdraw as counsel of record. While there is no indication that counsel actually sent defendant a letter to notify him of his right to file a pro se supplemental brief, the Clerk of this Court, by way of certified letter dated December 17, 2008, has notified *876 defendant that he would have until January 17, 2007 to file a supplemental brief. To date, defendant has not filed a supplemental brief.
Moreover, our independent review of the record has disclosed no non-frivolous issues and no rulings which arguably support an appeal. We have also conducted an error patent review pursuant to LSA-C.Cr.P. art. 920. Our review reveals no errors patent.
Accordingly, appellate defense counsel's motion to withdraw is granted and defendant's conviction and sentence are hereby affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Defendant has two appeals pending that are companion cases to this one: State v. Lewis, 07-KA-944 (La.App. 5 Cir. 3/25/08), 982 So.2d 866, 2008 WL 786747 and State v. Lewis, 07-KA-945 (La.App. 5 Cir. 3/25/08), 982 So.2d 870, 2008 WL 786788. Those appeals stem from other guilty pleas that defendant entered on August 21, 2007.