982 So.2d 866 (2008)
STATE of Louisiana
v.
Larry LEWIS.
No. 07-KA-944.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
*867 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Andrea F. Long, Vincent Paciera, Jr., Brandon Kinnett, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Prentice L. White, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and GREG G. GUIDRY.
EDWARD A. DUFRESNE, JR., Chief Judge.
On April 5, 2006, the Jefferson Parish District Attorney filed a bill of information charging defendant, Larry Lewis, with one count of possession of a firearm by a convicted felon, in violation of R.S. 14:95.1, and one count of possession of more than 200 but less than 400 grams of cocaine, in violation of R.S. 40:967 F. At the April 6, 2006 arraignment, defendant pled not guilty. Thereafter, the defense filed various pre-trial motions, both counseled and pro se, including a motion to allow defendant to represent himself. The trial court conducted a hearing on the issue of self-representation on May 31, 2007. After asking defendant some questions, the trial judge informed defendant that he would be allowed to do a certain amount of the defense himself, but that he would be assisted by counsel.
On August 21, 2007, the trial court considered and denied several of defendant's motions, including a motion to suppress evidence and a motion to produce confidential informant. Thereafter, defendant, represented by counsel, withdrew his pleas of not guilty and pled guilty to both counts, reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). The trial judge sentenced defendant on each count to fifteen years at hard labor, the first two years without benefit of *868 probation, parole, or suspension of sentence, to run concurrently with sentences imposed for other offenses.
The State then filed a multiple offender bill of information on the possession of cocaine charge (count 2). After the court advised him of his rights, defendant admitted to being a second felony offender. The court then vacated defendant's original sentence for the possession of cocaine charge and sentenced him to fifteen years at hard labor without benefit of probation or suspension of sentence. Defendant now appeals.[1]

FACTS
Based on information received from a confidential informant as well as a subsequent controlled purchase of narcotics, agents from the Jefferson Parish Sheriff's Office Narcotics Division obtained a search warrant for defendant's residence. During the March 23, 2006 search, the agents discovered 293.2 grams of a white powder and some off-white rock substances that both subsequently tested positive for the presence of cocaine. The agents also found over $6,000.00 in cash as well as two handguns within the reach of defendant, whom police determined to be a convicted felon. Defendant was subsequently arrested.

WAIVER OF RIGHT TO COUNSEL
On appeal, defendant asserts that the trial court committed reversible error in allowing him to represent himself without first adequately ascertaining that he knowingly and voluntarily waived his right to counsel.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution give a defendant the right to counsel as well as the right to defend himself. A defendant may represent himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and State v. Bridgewater, 00-1529 (La.1/15/02), 823 So.2d 877, 894, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003). State v. Bruce, 03-918 (La.App. 5 Cir. 12/30/03), 864 So.2d 854, 857.
Once the defendant has made an unequivocal request to represent himself, the trial court must determine whether the defendant is competent to waive counsel and is "voluntarily exercising informed free will." State v. Santos, 99-1897 (La.9/15/00), 770 So.2d 319, 321, quoting Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The competency at issue is a defendant's competence to waive his right to counsel and not his competence to represent himself. State v. Santos, 770 So.2d at 321.
Before accepting a waiver of counsel, the trial court should advise the defendant of the nature of the charges, the penalty range for the charges, and the dangers and disadvantages of self-representation, such as the failure to recognize objections to inadmissible evidence and the inability to adhere to technical rules governing trials. In addition, the court should inquire into the defendant's age, education and mental condition, and should determine according to the totality of circumstances whether the accused understands the significance of the waiver. State v. *869 Strain, 585 So.2d 540, 542 (La.1991); State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 44.
There is no inflexible criteria or a magic word formula for determining the validity of a defendant's waiver of the right to counsel. Rather, the validity of the waiver must take into account the totality of the circumstances in each case. The failure of the trial court to secure a valid waiver of counsel constitutes reversible error. State v. Bruce, 864 So.2d at 857.
In May of 2007, defendant, through counsel, filed a written motion requesting that defendant be allowed to represent himself. The trial court conducted a hearing of the issue of self-representation on May 31, 2007. At this hearing, the trial judge first asked defendant whether he had any training that would allow him to represent himself. Defendant answered that he did not. The judge then asked defendant why he wanted to represent himself. Defendant indicated dissatisfaction with his attorney as well as confidence in his knowledge of and ability to handle his case. Lastly, the trial judge inquired of defendant whether he had ever selected a jury or tried a case. To both of these questions, defendant replied, "no." Following this limited questioning, the court ruled that it would allow defendant to "do a certain amount of the defense" for himself, but that defense counsel would remain in the courtroom in the event defendant needed advice.
It is questionable whether this exchange was sufficient to constitute a valid waiver of defendant's right to counsel. However, under the circumstances of this case, we do not find it necessary to make a determination on this issue. We first note that defendant did not object to the trial court's ruling on the issue of self-representation. In fact, defendant acquiesced when the trial judge informed him that he could do a certain amount of defense for himself but that Mr. Benz, his court appointed IDB attorney, would be there to assist him.
Moreover, while the parties allege that defendant waived his right to counsel, the record indicates that Mr. Benz was present at all court proceedings subsequent to the trial court's ruling on the issue of self-representation. Specifically, the minute entries indicate that Mr. Benz appeared for trial on June 18, 21, and 28, 2007. On each of those occasions, the trial was continued. Then, on August 20, 2007, defendant appeared, again with Mr. Benz, and requested a continuance of the trial which was denied by the trial judge. The transcript from the August 20, 2007 hearing is contained in the record, and it shows that Mr. Benz did, in fact, assist defendant. He prompted defendant to move for the continuance and also objected on his behalf when it was denied. The next day, the trial court considered numerous pre-trial motions which defendant had filed. Once again, the minute entry from that date indicates that defendant represented himself but was assisted by Mr. Benz. Following the denial of his motions on August 21, 2007, defendant, with the clear representation of counsel, withdrew his not guilty pleas and pled guilty to the charged offenses. At the beginning of the guilty plea proceedings, Mr. Benz advised the court that he had filled out the waiver of rights form with defendant and had explained those rights to him. Moreover, the waiver of rights form is signed by defendant and Mr. Benz, as his attorney. In the form, defendant indicated that he was satisfied with the way that his attorney and the court had handled his case. Mr. Benz also represented defendant in the guilty plea proceedings on the multiple bill, and thereafter, he filed a motion for appeal on defendant's behalf.
*870 Having reviewed the record, we find that defendant had the assistance of counsel throughout these proceedings and was fully represented by counsel at the time he entered his guilty pleas. We therefore conclude that defendant's rights were not violated by the trial court's ruling on the issue of self-representation.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no error patent that would warrant reversal or require corrective action.
For the reasons set forth herein, we affirm defendant's convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Defendant has two appeals pending that are companion cases to this one: State v. Lewis, 07-KA-945 (La.App. 5 Cir. 3/25/08), ___ So.2d ___, 2008 WL 786788 and State v. Lewis, 07-KA-947 (La.App. 5 Cir. 3/25/08), ___ So.2d ___, 2008 WL 786801. Those appeals stem from other guilty pleas that defendant entered on August 21, 2007.