REV. ERROL VICTOR, SR.                         NO. 22-K-171

VERSUS                                         FIFTH CIRCUIT

STATE OF LOUISIANA                             COURT OF APPEAL

                                               STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

_____ July 07, 2022 _____

Susan Buchholz
First Deputy Clerk

**IN RE** REV. ERROL VICTOR, SR.

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DENNIS J. WALDRON, DIVISION "C", NUMBER 10,172

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg

## GRANTED IN PART; DENIED IN PART; REMANDED

Relator/defendant, Errol Victor, Sr., filed a *pro se* writ application captioned "Writ of Prohibition [*sic*], Writ of Mandamus, 'Cease and Desist.'" Relator seeks his immediate release and a stay of all proceedings based on (1) the denial of his right to self-representation; (2) the denial of his motion to recuse the *ad hoc* judge assigned to his case; and (3) the violation of his right to a speedy trial. For the reasons stated herein, relator's writ application is granted in part, denied in part, and remanded for further proceedings consistent with this disposition.

**Procedural Background**

On July 22, 2014, a non-unanimous jury convicted relator of the second degree murder of his stepson, while engaged in the perpetration of the crime of cruelty to a juvenile, in violation of La. R.S. 14:30.1 A(2)(b). On appeal, this court affirmed relator's conviction and sentence. State v. Victor, 15-339 (La. App. 05/26/16), 195 So.3d 128. On April 27, 2020, the United States Supreme Court granted certiorari in relator's case, vacated this court's judgment affirming relator's conviction and sentence, and remanded to this court for further consideration in light of Ramos v. Louisiana, 590 U.S. —, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). Victor v. Louisiana, — U.S. —, 140 S.Ct. 2715, 206 L.Ed.2d 851 (2020). On remand, this court vacated relator's conviction and sentence and remanded the matter to the trial court for further proceedings. State v. Victor, 15-339 (La. App. 5 Cir. 06/19/20), 307 So.3d 317. Relator is currently awaiting retrial in the 40th Judicial District Court.

In a prior writ application, relator sought a copy of the transcript and order from the January 28, 2022 hearing on his motion to recuse the *ad hoc* judge and requested a stay of the proceedings. This court denied the request for a stay but granted relator's writ in part, ordering the Clerk of Court for the 40th Judicial District Court to provide relator with a copy of "any order issued on January 28, 2022 related to a motion to recuse filed in his case," assuming such an order existed. Victor v. State, 22-115 (La. App. 5 Cir. 03/15/22), 2022WL906361. This court further ordered the trial court "to set a return date within which the relator can file a writ application with this court within the time frame allowed by law," if relator had a pending notice of intent at that time. Id. The trial court set a return date for April 18, 2022, in response to this court's previous order. Relator, timely filed this writ application.

**Self-representation and Faretta Hearing**

Relator contends that he was denied the "right to self-representation without a 'faretta'[1] [*sic*] hearing for more than and in excess of 15 months on remand from this 5th Cir. [*sic*] Court of Appeal." Relator asserts conflicting arguments in his writ application. First, he contends that he was denied the right to self-representation without a Faretta hearing. Then he argues he was "forced" to have a Faretta hearing "over 15 months" after he was denied a hearing.[2] He then argues that he had a prior Faretta hearing, but complains that he does not have sufficient time to prepare for trial and lacks access to the law library and discovery, which violates his right to a speedy trial. Relator seeks an order from this court ordering his immediate release and vacating all judgments. In support of his assertions, he attached a "Motion to Proceed Propria Persona, Sui Juris" filed on August 12, 2020, denied by *ad hoc* Judge Kirk Vaughn[3] on August 17, 2020, and his "Motion to Prohibit and Object to Trial" filed in the trial court March 9, 2022.[4]

*Pro se* filings are subject to less stringent standards than formal pleadings filed by lawyers. State ex. Rel. Egana v. State, 00-2351 (La. 09/22/00), 771 So.2d 638 (*per curiam*). Therefore, we review this record to determine whether relator was denied his right to self-representation without a Faretta hearing.

The Sixth Amendment to the United States Constitution and Article 1, §13 of the Louisiana Constitution give a defendant the right to counsel as well as the right

---

[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

[2] Relator mentions an alleged Faretta hearing held on November 15, 2021 and the "forced" Faretta hearing held on January 28, 2022. Relator did not include a minute entry and/or transcript showing that a Faretta hearing was held on November 15, 2021. Nevertheless, the January 28, 2021 transcript indicates that subsequent to this alleged Faretta hearing on November 15, 2021, Willard Brown "signed on and enrolled as defense counsel" on December 10, 2021, "in open court."

[3] *Ad hoc* Judge Kirk Vaughn is no longer the presiding trial court judge. The current *ad hoc* judge presiding over relator's case is Judge Dennis Waldron.

[4] Upon review, relator's "Motion to Prohibit and Object to Trial" was filed March 9, 2022, *after* the January 28, 2022 hearing and order that is the subject of this writ application. Because the motion was submitted to the trial court after the January 28, 2022 hearing at issue, there is no ruling as to this motion, and relator has not sought supervisory review regarding any alleged ruling as to this motion, there is nothing for this court to review at this time as to this motion. La. U.R.C.A., 1-3

to defend himself. A defendant may represent himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel. Faretta, supra; State v. Bridgewater, 00-1529 (La. 01/15/02), 823 So.2d 877, 894, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003); State v. Bruce, 03-918 (La. App. 5 Cir. 12/30/03), 864 So.2d 854, 857. Assertion of that right "must also be clear and unequivocal." State v. Bell, 09-199 (La. 11/30/10), 53 So.3d 437, 448, cert denied, — U.S. —, 131 S.Ct. 3035, 180 L.Ed.2d 856 (2011).

Once the defendant has made an unequivocal request to represent himself, the trial court must determine whether the defendant is competent to waive counsel and is "voluntarily exercising informed free will." State v. Santos, 99-1897 (La. 09/15/00), 770 So.2d 319, 321. The competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself. Id.; Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993).

When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. Faretta, 422 U.S. at 835. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. Id., *citing* Johnson v. Zerbst, 304 U.S. 458, 464-465, 58 S.Ct. 1019, 82 L.Ed. 1461. Although a defendant does not need to have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268. However, there is no particular formula for the trial court to follow in determining whether a defendant waived his right to counsel. State v. Harper, 381 So.2d 468, 471 (La. 1980).

In accepting a waiver of counsel, the trial court should advise the defendant of the nature of the charges, the penalty range for the charges, and the dangers and disadvantages of self-representation, such as the failure to recognize objections to inadmissible evidence and the inability to adhere to technical rules governing trials. Bruce, 864 So.2d at 857. In addition, the court should inquire into the defendant's age, education, and mental condition and should determine according to the totality of circumstances whether the accused understands the significance of the waiver. Id. Whether a defendant has knowingly, intelligently, and unequivocally asserted the right to self-representation must be determined on a case-by-case basis, considering the facts and circumstances of each case. State v. Leger, 05-11 (La. 07/10/06), 936 So.2d 108, 147-148, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007). The trial court is given much discretion in determining whether the defendant's waiver was knowing and intelligent. State v. LeGarde, 07-288 (La. App. 5 Cir. 10/30/07), 970 So.2d 1111, 1120. An appellate court should not reverse the trial court's ruling absent an abuse of its discretion. Id.

At the January 28, 2022 hearing concerning relator's motion to terminate counsel and request to represent himself, the trial court stated:

> Mr. Brown is allowed to withdraw at the request of the defendant. He does not wish Mr. Brown to represent him. He does not wish Mr. Brown to represent him even as standby counsel. He has made that clear to the Court.
>
> He has indicated to the Court that he wishes to, again, represent himself. He has included the words "for now." I have given him instructions as to the position this Court takes as to his determination that he wants to represent himself. He is allowed to represent himself, but with the understanding that unless an attorney comes in timely with his approval and joins him either in representing him as standby counsel, co-counsel, or his counsel in general as his sole actual counsel, his Faretta rights are recognized by this Court as they were previously by the judge who heard the case originally, and he is allowed to proceed pro se.
>
> You are allowed to represent yourself. Mr. Brown is now allowed to withdraw. He is discharged by the defendant, and the right of discharge by the defendant is recognized by the Court.

The record shows that relator unequivocally requested to represent himself. At this point, the trial court was then required to determine whether relator was competent to *waive* his right to counsel for this trial (*i.e.*, the retrial post-Ramos). Although there is no formula which must be followed, based on the transcript, we find that the trial court did not make a proper determination as to whether relator was competent to, and did knowingly and intelligently waive his right to counsel, "with eyes open" during the January 28, 2022 hearing. Specifically, there is no colloquy with the defendant or other evidence from which the trial court could determine or conclude that relator could knowingly and intelligently waive his right to counsel. While the trial judge stated that he gave relator "instructions as to the position this Court takes as to his determination that he wants to represent himself," the transcript does not indicate what the trial court's "instructions" were. Additionally, we find the trial court's statement that he recognized relator's "Faretta rights . . . as they were previously [recognized] by the judge who heard the case originally" is not sufficient to show that relator knowingly and intelligently waived his right to counsel as to this retrial. Because the trial court did not conduct any meaningful dialogue with relator to determine relator's competency to waive his right to counsel as to this retrial, we find that the trial court abused its discretion in allowing relator to represent himself without a meaningful Faretta hearing. Additionally, we find that the trial court's reliance on any previous determination that relator waived his right to counsel during a Faretta hearing that occurred approximately eight years ago during his first trial is insufficient.

Accordingly, we grant this writ application in part for the limited purpose of remanding this matter to the trial court to conduct a <u>Faretta</u> hearing to determine if relator understands the nature of the charges; the penalty range for the charges; the dangers and disadvantages of self-representation as it pertains to relator's current charge and retrial; and a determination as to whether the defendant knowingly and intelligently waives his right to counsel.

**Motion to recuse**

Relator also argues that the *ad hoc* trial judge, Judge Dennis Waldron, erred in denying his motion to recuse without referring the matter to another judge.

La. C.Cr.P. art 674 provides:

> A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or a judge ad hoc, as provided in Article 675.

When a defendant has failed to file a written motion assigning grounds for recusal, the denial of a defendant's oral request to recuse the trial judge presents nothing for an appellate court to review. <u>State v. Clark</u>, 19-522 (La. App. 5 Cir. 06/24/20), 299 So.3d 1228, 1235, <u>writ denied</u>, 21-62 (La. 03/09/21), 312 So.3d 585.

Although relator contends he filed a written motion to recuse the *ad hoc* trial judge, he failed to include the alleged written motion to recuse and the trial court's written denial of the same in violation of La. U.R.C.A., Rule 4-5 C(8). A review of the January 28, 2022 transcript, however, shows that relator made an oral motion to recuse the *ad hoc* judge, which was denied. Due to relator's failure to submit a written motion for recusal, assuming such a motion was filed, relator's claim based on his oral motion to recuse the *ad hoc* trial judge during the January 28, 2022 hearing presents nothing for this court to review. La. C.Cr.P. art. 674; <u>Clark</u>, <u>supra</u>.

Nevertheless, even assuming relator's oral arguments were properly before this court to consider, or that relator filed a written motion based on relator's oral arguments during the January 28, 2022 hearing, relator only made conclusory allegations for the recusal of the trial judge without setting forth any specific allegations of fact. If a trial judge finds that a motion does not set forth affirmative allegations of fact stating valid grounds for recusation, the trial judge may overrule the motion without referring the matter to another judge. <u>State v. Williams</u>, 601 So.2d 1374 (La. 1992) (*per curiam*). Accordingly, we find the trial court did not

abuse its discretion in denying relator's oral motion to recuse without referring the matter to another judge for a contradictory hearing. This complaint is without merit.

**Speedy trial**

Relator further argues his right to a speedy trial was violated. However, relator did not include a copy of a motion for speedy trial, any opposition, a ruling and/or reasons for the ruling by the trial court, a copy of the transcript, minute entry, notice of intent or return date as to his speedy trial claim in violation of La. U.R.C.A., Rules, 4-2, 4-3, 4-5 C (6), (7), (8), (9), (10), and (11). Because relator did not submit the required documents to review this claim, there is nothing for this court to review at this time. La. U.R.C.A., Rule 1-3. This complaint is without merit.

**DECREE**

For the reasons stated herein, relator's writ application is denied with regard to his request for a stay, recusal of the trial judge, and speedy trial. We grant this writ in part for the sole purpose to ordering that a <u>Faretta</u> hearing/colloquy be conducted by the trial court prior to trial, and we remand for further proceedings consistent with this disposition.

Gretna, Louisiana, this 7th day of July, 2022.

**SJW**
**MEJ**
**HJL**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **07/07/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-171**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Dennis J. Waldron (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Respondent)

### MAILED

Errol Victor, Sr. #2509806 (Relator)
Orleans Parish Prison
3000 Perdido Street
New Orleans, LA 70119